# LAW OFFICE OF SAM A. SCHMIDT

**115 BROADWAY**
**NEW YORK, N.Y.  10006**
**(212) 346-4666**
**FACSIMILE (212) 346-4668**
**lawschmidt@aol.com**

Sam A. Schmidt, Esq.
_____

.

December 30, 2019

Honorable Victor Marrero
United States District Court Judge                    VIA ECF
500 Pearl Street
New York, NY 10007

       Re:    United States v. Randy Torres, et al
              16 Cr. 809 (VM)

Dear Hon. Judge Marerro:

Defendant Randy Torres moves in limine to bar the admission of statements pursuant Rule 801(d)(2)(E) if the government does not immediately provide defense counsel with notice of the such statements.  Defense counsel also requests that as a matter within your Honor's discretion as to the conduct of the trial the government be required to immediately inform defendant of statements of the statements that they will be offering pursuant Rule 801(d)(2)(E) so to avoid multiple delays during trial.  Additionally, we are also requesting the government immediately inform defense counsel of the statements of any defendant that the government will be offering through social media.

1

We make this request now because of the voluminous statements made by many alleged co-conspirators in social media, recorded prison calls and emails that do not properly fall within the hearsay exception found in Rule 801(d)(2)(E). Once the defense receives the above statements, it will be necessary for us to locate all potential impeachment testimony of the declarants within the social media data, a process that will require great time and effort.  Because of the material we will receive on January 24, 2020 and the material that will no longer be "Attorney Eyes Only" and will be reviewable with the defendant, it will be impossible to review all the material, locate potential impeachment from the massive amount of data we have and both organize and assimilate it in order to competently represent Mr. Torres.

We wish to ensure that the efforts by the government to introduce statements made by other alleged co-conspirators do not exceed the limitations imposed upon the admissibility of such statements by statute and by Mr. Torres's right to due process of law and the right to confrontation of the witnesses against him.  It is an often-forgotten aspect of the rule which allows statements of co-conspirators that such statements must be both "in furtherance of the conspiracy" and "during the course of the conspiracy."  Rule 801(d)(2)(E).  This Memorandum is submitted to set out the basic legal doctrine which allows statements of co-conspirators, and the limitations upon that doctrine imposed by the requirement that the statements be "in furtherance of" the conspiracy. Once the purported Rule 801(d)(2)(E) statement are made known to defense counsel we will be able to address the statements individually and in greater detail.

Admission of hearsay statements under the co-conspirator exception requires a court to find by a preponderance of the evidence "(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." United States v. Rivera, 22 F.3d 430, 435-36 (2d Cir. 1994).

With respect to the existence of a conspiracy including both the declarant and the defendant, "[t]he district court in each instance must find the existence of a specific criminal conspiracy beyond the general existence of the Mafia." United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999); see also United States v. Russo, 302 F.3d 37, 44 (2d Cir. 2002) (a more "expansive rationale 'would allow the admission of any statement by any member of the Mafia regarding any criminal behavior of any other member of the Mafia [against the latter],'" which the Court held "unacceptable when the speaker and the defendant were not jointly engaged in the criminal venture that was being advanced by the speaker.").

To that end, the Court in Gigante concluded that it is the "unity of interests stemming from a specific shared criminal task that justifies Rule 801(d)(2)(E) in the first place-organized crime membership alone does not suffice." 166 F.3d at 83 ("it must be a conspiracy with some specific criminal goal in addition to a general conspiracy to be members of the Mafia").  When the requirement of a conspiracy between the declarant and the defendant is not met, as was the case in Gigante (the defendant never "joined in a conspiracy with [the declarants] to murder" the victim), then even if the "discussions reveal[ed the defendant's] role in a general process and network of criminal conspiracy and activity," the statements "were not 'in

furtherance of' a specific criminal purpose, and the fact that [the defendant] might have conspired with [the declarants] to commit other crimes on other occasions is irrelevant." Id.

Similarly, in United States v. Romanello, 2012 WL 27284 (E.D.N.Y. Jan. 4, 2012), the court determined that the language in the Gigante and Russo decisions - "existence of a specific criminal conspiracy" - must "be read to mean an agreement to commit the crime," because "[i]t is the joint venture of the conspiracy which . . . makes meaningful the 'agency' analogy [which] support[s] the admissibility of [coconspirator's] statements." Romanello, 2012 WL 27284, at 7; see also United States v. Lieberman, 637 F.2d 95, 103 (2d Cir. 1980) ("[t]he requirement that the statements have been in furtherance of the conspiracy is designed both to assure their reliability and to be consistent with the presumption that the coconspirator would have authorized them").

The "in furtherance of" requirement stems from the long-standing doctrine that the admissibility of statements by co-conspirators in part is attributable to the concept of co-conspirators or agents for each other and therefore the admissibility of statements which they may make should derive from their ability to act upon behalf of other co-conspirators, and, on the other hand, the limitations of their authority to act truly as agents. Van Riper v. United States, 13 F.2d, 961, 967 (2d Cir.) *cert. den.* 273 U.S. 702, 47 S.Ct. 102, 71 L.Ed. 848 (1926) (L. Hand, J.). See, generally, *Weinstein*, Federal Evidence, ¶801(d)(2)(E)[01], p. 801-308, *et. seq.*

In his treatise notes, Judge Weinstein indicates that the drafters of the Model Code of Evidence departed from the "in furtherance" requirements as a way to depart the traditional "agency" theory of the co-conspirator statement exceptions to the hearsay rule.  However, as Judge Weinstein also points out, the drafters of Rule 801 rejected the Model Code and retained the traditional "agency" approach toward the co-conspirator exception.

As Judge Weinstein notes, it was necessary to preserve the "in furtherance of the conspiracy" requirement as a means necessary to protect the defendants from the real dangers of unfairness posed by conspiracy prosecutions.  *Weinstein*, *supra*, 801-310.  To indicate the pitfalls of the use of coconspirator statements  Judge Weinstein , quoted the report of the New Jersey Supreme Court, Committee on Evidence 167 (1963). The hearsay statements of alleged co-conspirators are perhaps the most suspect of all.  To permit criminal convictions to be based on such evidence would indeed be unfair and impractical.

> Judge Weinstein further noted that
>
>> the committee's retention of the 'in furtherance' requirement was motivated by a desire to strike a balance between the great need for conspirators' statements in combating undesirable criminal activity which is inherently secretive and difficult to prove, and the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence.

Weinstein, *supra*, p. 801-311.

5

Judge Weinstein quoted from <u>Krulewitch v. United States</u>, 336 U.S. 440, 443-44, 69 S.Ct. 716, 718, 93 L.Ed. 790, 794 (1949), where the Supreme Court noted: This prerequisite to admissibility, that hearsay statements by some conspirators to be admissible against others must be made in furtherance of the conspiracy charged, has been scrupulously observed by federal court. Weinstein, *supra*, p. 801-312.  In <u>Wong Sun v. United States</u>, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The Supreme Court again stated that "[w]e have consistently refused to broaden that very narrow exception to the traditional hearsay rule which admits statements of a co-defendant made in furtherance of a conspiracy or joint undertaking."  <u>See also</u>, <u>Dutton v. Evans</u>, 400 U.S. 74, 81, 91 S.Ct. 210, 215, 27 L.Ed.2d 213, 222 (1970). Judge Weinstein acknowledges that some court decisions appear to ignore this distinction, but indicates that in many cases in may be attributable to the failure of the attorneys and courts to thoroughly analyze the statements.  Weinstein, *supra*, p. 801-316.  Judge Weinstein concluded

> The adoption of rule 801(d)(2)(E) and the rejection of the model code - uniform rule approach should be viewed as mandating a construction of the 'in furtherance' requirement protective of defendants, particularly since the Advisory Committee was concerned lest relaxation of this standard lead to the admission of less reliable evidence.  Narrative declaration should not be admitted as a matter of course and statements of confession should be carefully scrutinized.

Weinstein, *supra*, p. 801-316.  <u>See</u>, <u>United States v. Lang</u>, 589 F.2d 92, 99-100 (2d Cir. 1978); <u>United States v. Smith</u>, 578 F.2d 1227, 1232 n. 8 (8th Cir. 1978); <u>United States v. Moore</u>, 522 F.2d 1068, 1077, n. 5 (9th Cir. 1975), *cert. den.* 423 U.S. 1049 96 S.Ct. 775, 46 L.Ed.2d 637 (1976) ("casual admission of culpability" in no way furthered conspiracy or in any way assisted in achieving the conspirator's objectives.).

6

Narratives of past events by coconspirators have sometimes caused difficulties in determining whether such should be admissible. As Judge Weinstein's treatise point out, many courts have been careful to exclude mere narratives as statements "in furtherance of the conspiracy" unless other clear indications exist that the narrative of past events is necessary to further the purpose of the conspiracy. Thus, the recounting by one of the co-defendants of past events or past conduct on the part of any of the co-conspirators is not in itself a declaration of furtherance of the conspiracy.

Co-conspirator statements must also be made "in furtherance" of the conspiracy, and "neither 'idle chatter' nor 'merely narrative' description by one coconspirator of the acts of another, meet the Rule 801(d)(2)(E) test." United States v. Paredes, 176 F. Supp. 2d 183, 187 (S.D.N.Y. 2001), quoting United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir.1989); United States v. Perholtz, 842 F.2d 243, 356-57 D.C. Cir., cert. den., 109 S.Ct. 65, 102 L.Ed.2d 42 (1988) and ("during a subsequent period when the conspirators were engaged in nothing more than concealment of the criminal enterprise" statements were not admissible as in further of the conspiracy); United States v. Badalamenti, 626 F.Supp. 658, 662 (S.D.N.Y. 1986) ("statement was more like narrative gossip" and was therefore inadmissible); United States v. Fielding, 630 F.2d 1357, 1364-66 (9th Cir. 1980) (error to admit narratives of past events, puffing statements made to induce participation in new conspiracy and statements made to get help in collecting money owed; statements were in furtherance of declarant's purpose but not that of the conspiracy); United States v. Kessler, 530 F.2d 1246, 1256 n. 16 (5th Cir. 1976) (this declarant was on a "frolic of his own" which did not amount to furtherance of the conspiracy); United States v. Nazemian, 948 F.2d 522 (9th Cir. 1991) (while part of statement was intended to facilitate, an objective, a portion of statement

concerning defendant was purely historical and has no connection or purpose related to the conspiracy.  The district court finding that statement was in furtherance of conspiracy was clearly erroneous.).

A statement-by-statement analysis must be made by the Court to ensure that this portion of the rule is complied with because even "relevan[ce] to the conspiracy does not alone make the declaration competent," because "the declaration must itself be an act in furtherance of the common object." United States v. Birnbaum, 337 F.2d 490, 495 (2d Cir. 1964), quoting United States v. Nardone, 106 F.2d 41, 43 (2d Cir.), rev'd on other grounds, 308 U.S. 338 (1939).

Further, that a statement may be an admission against penal interest by one conspirator is not sufficient to allow it to be admissible against others. Such statements may be admissible against the individual accused, so long as the Court determines that the statement is properly admissible.  Such a statement would not be admissible against those others who are charged with conspiracy unless the statements were also "in furtherance of" the conspiracy.

## Conclusion

We respectfully request that your Honor grant our  requests.

Respectfully Submitted
/s/
Sam A. Schmidt
Andrew M.J. Bernstein

Attorneys for Randy Torres

8