UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    -v.-<br><br>RANDY TORRES,<br>    a/k/a "Rico,"<br>WALSTON OWEN,<br>    a/k/a "Purpose,"<br>    a/k/a "Purp,"<br>CHARLES VENTURA,<br>    a/k/a "Gutta,"<br><br>            Defendants. | S8 16 Cr. 809 (VM) |

# THE GOVERNMENT'S PROPOSED
# EXAMINATION OF PROSPECTIVE JURORS

                                GEOFFREY S. BERMAN
                                United States Attorney for the
                                Southern District of New York
                                One Saint Andrew's Plaza
                                New York, New York 10007

Jessica Fender
Anden Chow
Jacqueline Kelly
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     -v.-<br><br>RANDY TORRES,<br>     a/k/a "Rico,"<br>WALSTON OWEN,<br>     a/k/a "Purpose,"<br>     a/k/a "Purp,"<br>CHARLES VENTURA,<br>     a/k/a "Gutta,"<br><br>               Defendants. | S8 16 Cr. 809 (VM) |

**THE GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS**

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or defendant.

**A.     The Charges**

So you can understand the reason for the questions I'll be asking you, I want to tell you briefly about the charges in this criminal case. The defendants, Randy Torres, Walston Owen and Charles Ventura, have been charged with the commission of certain federal crimes in a document called an Indictment filed by a grand jury sitting in this District. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove beyond a

2

reasonable doubt. I would like to summarize the charges in this case in order to give you a legal framework as you listen to the evidence for what you will ultimately be asked to do at the end of the trial. The Indictment contains seven counts or charges:

Count One charges that from in or about 2009 to 2017, the defendants were members of the "Rollin' 30s Crips" gang. The defendants are charged with agreeing that the gang would commit crimes, includes acts involving murder, robbery, and the distribution of controlled substances.

Count Two charges that on or about May 14, 2015, in connection with his membership in the Rollin' 30s Crips gang, defendant Walston Owen committed an assault with a dangerous weapon and an attempted murder in the vicinity of Davidson Avenue in the Bronx, New York.

Count Three charges that on or about May 14, 2015, defendant Walston Owen used, carried, or possessed a firearm, which was brandished and discharged, during and in relation to the crime charged in Count Two.

Count Four charges that on or about June 9, 2015, in connection with his membership in the Rollin' 30s Crips gang, defendant Walston Owen committed an assault that resulted in serious bodily injury in the vicinity of 1579 Westchester Avenue in the Bronx, New York.

Count Five charges that on or about September 6, 2017, in connection with his membership in the Rollin' 30s Crips gang, defendant Charles Ventura committed an assault with a dangerous weapon and an attempted murder in the vicinity of 1575 East 174th Street in the Bronx, New York.

Count Six charges that on or about September 6, 2017, defendant Charles Ventura used, carried, or possessed a firearm, which was brandished and discharged, during and in relation to the crime charged in Count Five.

Count Seven charges that on or about September 6, 2017, defendant Charles Ventura possessed ammunition that had traveled in interstate commerce after being convicted of a crime punishable by more than a year in prison.

1. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?

### B. Knowledge of the Trial Participants

2. The defendants in this case are Randy Torres, Walston Owen and Charles Ventura. [*Please ask defendants to stand*.] Do any of you know, or have you had any dealings, directly or indirectly, with any defendant, or with any relative, friend or associate of any defendant?

3. To your knowledge, do any of your relatives, friends, associates, or employers know any defendant?

4. Defendant Randy Torres is represented by Sam Schmidt, Esq., and Andrew Bernstein, Esq. Defendant Walston Owen is represented by Xavier Donaldson, Esq., and Alain Massena, Esq. Defendant Charles Ventura is represented by John Burke, Esq., and Christopher Wright, Esq. [*Please ask defense counsel to stand*.] Do any of you know Mr. Schmidt, Mr. Bernstein, Mr. Donaldson, Mr. Massena, Mr. Burke, or Mr. Wright? Have you or your family members or close friends had any dealings either directly or indirectly with those attorneys?

5. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Geoffrey S.

Berman. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jessica Fender, Anden Chow, and Jacqueline Kelly. The prosecutors will be assisted by Victoria Bosah, a paralegal in the U.S. Attorney's Office. [*Please ask Government team to stand*.] Do any of you know Mr. Berman, Ms. Fender, Mr. Chow, Ms. Kelly, or Ms. Bosah? Have you or your family members or close friends had any dealings either directly or indirectly with them?

6. Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office? Or Homeland Security Investigations, sometimes called "HSI"? Or the New York City Police Department, or "NYPD"?

7. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case [*Government will provide list of names to the Court*]. Do any of you know any of these people? Have you had any dealings either directly or indirectly with any of these individuals? To your knowledge, have your relatives, friends, associates, employers or employees had any dealings with any of these individuals?

### C. Relevant Locations

8. The conduct at issue in this case took place in various locations including: [*Locations will be supplied to Court*]. Are any of you familiar with those areas?

### D. Relationship with Government

9. Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York? Homeland Security Investigations? The New York City Police Department? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

10. Have any of you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against Homeland Security Investigations? For or against the United States Attorney's Office? For or against the New York City Police Department? For or against any other law enforcement agency?

11. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome? Have any of you, or a member of your family, ever had such a dispute concerning payment of money owed to you by the government?

### E. Prior Jury Service

12. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve? If so, were you the foreperson?

13. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict? Did you think the outcome was fair?

### F. Experience as a Witness, Defendant, or Crime Victim

14. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or anyone close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

15. Have you ever been a witness or a complainant in any federal or state prosecution?

16. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

17. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? [*If any juror answers yes, the Court is respectfully requested to inquire, at side bar or in the robing room, about the nature of the case and the juror's feeling concerning the case.*]

18. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee? [*If any juror answers yes, the Court is respectfully requested to inquire, at side bar or in the robing room, about the nature of the case and the juror's feeling concerning the case at sidebar.*]

19. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing room, into the circumstances of each crime.*]

20. Have you, or any of your close friends or relatives, ever been arrested, stopped, or questioned by any member of any law enforcement agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement officer.*]

G. **Ability to Render a Fair and Impartial Verdict**

[*The Court is respectfully requested to instruct the prospective jurors not to answer questions 24 through 26 out loud, but rather to raise their hands if they would answer in the affirmative and discuss the issue at side bar.*]

21. During the trial, you will hear evidence concerning the distribution of illegal drugs. Would the fact that the charges involve illegal drugs—specifically crack cocaine, heroin, and marijuana—affect your ability to be fair and impartial?

22. Do any of you believe that it should not be a crime for a person to possess or sell narcotics, including marijuana, or that the laws governing these crimes should not be enforced?

23. Do any of you have any opinion about the enforcement of the federal drug laws, including marijuana, that might prevent you from being fair and impartial in this case?

24. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs, including marijuana? If so, when and what did you do?

25. Has any juror been involved—as defendant, victim, or any other way—in a case involving illegal drugs?

26. Has any juror's relative, close friend, or associate ever been involved—as a defendant, victim, or in any other way—in a case involving illegal drugs?

27. Has any juror had any personal experience with drugs, including marijuana, that would make it difficult for him or her to be impartial?

28. Has any juror, juror's relative, close friend, or associate ever been treated for a drug addiction?

29. Do any of you believe that the federal government should not limit a person's right to bear arms?

8

30. Have you ever owned a firearm? If so, for what reason? Has anyone in your family, or anyone you live with, ever owned a firearm? If so, for what reason?

31. Have any of you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control? If so, when and what did you do?

32. Have any of you ever supported or belonged to any organizations involved in such work?

33. Have any of you or any member of your family been involved as a defendant or in any other way with a case involving a street gang or other organized crime, often referred to as the mafia or La Cosa Nostra?

34. Would the fact that one of the charges in this case involves racketeering activity, specifically, an enterprise involved in narcotics distribution and acts involving murder, affect your ability to be fair and impartial in this case?

35. Has any juror been involved—as defendant, victim, or in any other way—in a case involving a firearm or ammunition?

36. Has any juror's relative, close friend, or associate ever been involved—as a defendant, victim, or in any other way—in a case involving a firearm or ammunition?

37. Does any juror feel that any defendant is probably guilty of something by the mere fact that he has been charged and brought before the Court for trial? Does any juror feel that he or she could not view fairly and impartially a case involving these types of charges?

38. This case involves allegations of murder and attempted murder. If the allegations are proven beyond a reasonable doubt, the jury will not decide the sentence. I will decide the sentence. Nonetheless, I will tell you that the death penalty will not be applied in this case. Does

the fact that the charges involve allegations of murder and attempted murder affect your ability to render a fair verdict? If so, will you be able to set aside anything you might have heard or saw about the attempted murders and consider only the evidence presented to you during this trial?

39. Does the fact that the evidence in the case will involve allegations of robbery, shootings, assaults and other violence affect your ability to render a fair verdict?

### H. Media Coverage

40. Have any of you read or seen anything—in the newspaper, on the Internet, or on TV—about this case?

41. I do not necessarily expect that this trial will draw media attention. Nonetheless, if it does, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook and Twitter—until after this case is over? If not, please raise your hand.

### I. Law Enforcement Witnesses

42. The Government witnesses in this case will consist in part of law enforcement officers, including employees of the New York City Police Department and the U.S. Marshals Service. Would any of you be more likely to believe a witness merely because he or she is an officer of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is an officer of a law enforcement agency?

43. Does anyone have any personal feelings or experiences concerning the New York City Police Department that would in any way affect his or her ability to be fair and impartial in this case?

### J. Investigative Techniques

44. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

45. Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular investigating technique in presenting evidence of a crime?

46. Some of the evidence admitted at trial may come from searches performed by law enforcement officers, including searches conducted during or in the course of arrests of individuals. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

47. You may hear testimony in this case from cooperating witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to crimes and are testifying on behalf of the Government in the hope of receiving a lower sentence. I instruct you that the use of such a cooperating witness is perfectly legal and may often be a necessary law enforcement tool. Do any of you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner? Would you give any additional weight to testimony that came from a cooperating witness?

48. The defendant is charged with acting with others in committing some of the alleged crimes. You may not draw any inference, favorable or unfavorable, towards the Government

or the defendant from that fact. You also may not speculate as to the reason why other people are not on trial at this time. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### K. Other Questions

49. Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

50. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

51. Do any of you have any difficulty in reading or understanding English?

52. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict in this criminal case?

53. You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Has any juror had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

### L. Function of the Court and Jury

54. The function of the jury is to decide questions of fact. You are the sole judge of the facts. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not each defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

55. Will each of you accept the proposition that each defendant is entitled to individual consideration, and that the mere fact that a defendant has associated with others who may have engaged in criminal activity does not itself make the defendant guilty?

56. Will each of you accept the proposition that each defendant is presumed to be innocent and has no obligation to prove his innocence; rather, the task of proving guilt beyond a reasonable doubt rests exclusively to the government?

57. Will each of you accept the proposition that a defendant is under no obligation to testify and that our Constitution guarantees that the decision not to testify cannot be held against a defendant—as the duty to prove guilt, beyond a reasonable doubt, again, rests exclusively with the government?

58. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the question of possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty of the crime charged?

59. Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether a defendant is guilty or not guilty, and that only the evidence or lack of evidence produced here in Court may be used by you to determine whether a defendant is guilty or not guilty of the crime charged?

60. It is not a particularly pleasant duty to find a person guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**M.      Other Biases**

61.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will not be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

### N.     Juror's Background

62.     The Government respectfully requests that the Court ask each juror to state the following information:

    a.    the juror's age;

    b.    the area in which the juror resides and any other area the juror has resided during the last ten years;

    c.    where the juror was born;

    d.    the juror's educational background, including the highest degree obtained;

    e.    whether the juror has served in the military, and if so in what capacity and for what duration;

    f.    the juror's occupation;

    g.    the name and location of the juror's employer, and the period of employment with that employer;

    h.    the same information concerning other employment within the last five years;

    i.    the same information with respect to the juror's spouse and any working children;

    j.    whether the juror, or the juror's close family or friends, has served in federal, state, or local government, to include federal, state, or local law enforcement;

    k.    whether the juror owns or rents the juror's place of residence;

> l.  what newspapers and magazines the juror reads and how often;
>
> m.  what television programs the juror regularly watches;
>
> n.  whether the juror watches "Law and Order," "CSI," or other police dramas;
>
> o.  social media websites, such as Facebook or Twitter, used by the juror on a regular basis; and
>
> p.  the juror's hobbies, and leisure-time activities and organizations.

### O.  Requested Instruction Following Impaneling of the Jury

63.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

64.  If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

65.  [Per the suggestion of the court of appeals in *United States* v. *Ganias*, 755 F.3d 125, 132-33 (2d Cir. 2014)]: "I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You

may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, [Instagram,] . . . LinkedIn, and YouTube."

Dated:      New York, New York
            January 3, 2020

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York

                        By:        /s/
                                        Jessica Fender / Anden Chow /
                                            Jacqueline Kelly
                                        Assistant United States Attorneys
                                        Tel: (212) 637-2276 / -2348 / -2456