UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

RANDY TORRES,
    a/k/a "Rico"
WALSTON OWEN,
    a/k/a "Purpose"
    a/k/a "Purp"
CHARLES VENTURA,
    a/k/a "Gutta"

              Defendants.

S8 16 Cr. 809 (VM)

**DEFENSE OBJECTIONS TO THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

RANDY TORRES,
    a/k/a "Rico"
WALSTON OWEN,
    a/k/a "Purpose"
    a/k/a "Purp"
CHARLES VENTURA,
    a/k/a "Gutta"

               Defendants.

S8 16 Cr. 809 (VM)

## DEFENSE OBJECTIONS TO THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or defendant.

    **A.**    **The Charges**

So you can understand the reason for the questions I'll be asking you, I want to tell you briefly about the charges in this criminal case. The defendants, Randy Torres, Walston Owen, and Charlie Ventura have been charged with the commission of certain federal crimes in a document called an Indictment filed by a grand jury sitting in this District. The defendants are presumed

innocent. The Indictment is not evidence itself.  It simply contains the charges that the Government is required to prove beyond a reasonable doubt.  I would like to summarize the charges in this case in order to give you a legal framework as you listen to the evidence for what you will ultimately be asked to do at the end of the trial.  The Indictment contains seven counts or charges:

Count One charges that from in or about 2009 to 2017, the defendants were members of the "Rollin' 30s Crips" gang.  The defendants are charged with agreeing that the gang would commit crimes, includes acts involving murder, robbery, and the distribution of controlled substances.

Count Two charges that on or about May 14, 2015, in connection with his membership in the Rollin' 30s Crips gang, defendant Walston Owen committed an assault with a dangerous weapon and an attempted murder in the vicinity of Davidson Avenue in the Bronx, New York.

Count Three charges that on or about May 14, 2015, defendant Walston Owen used, carried, or possessed a firearm, which was brandished and discharged, during and in relation to the crime charged in Count Two.

Count Four charges that on or about June 9, 2015, in connection with his membership in the Rollin' 30s Crips gang, defendant Walston Owen committed an assault that resulted in serious bodily injury in the vicinity of 1579 Westchester Avenue in the Bronx, New York.

Count Five charges that on or about September 6, 2017, in connection with his membership in the Rollin' 30s Crips gang, defendant Charles Ventura committed an assault with a dangerous weapon and an attempted murder in the vicinity of 1575 East 174th Street in the Bronx, New York.

Count Six charges that on or about September 6, 2017, defendant Charles Ventura used, carried, or possessed a firearm, which was brandished and discharged, during and in relation to the crime charged in Count Five.

Count Seven charges that on or about September 6, 2017, defendant Charles Ventura possessed ammunition that had traveled in interstate commerce after being convicted of a crime punishable by more than a year in prison.

1. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?

**B.     Knowledge of the Trial Participants**

2. The defendants in this case are Randy Torres, Walston Owen, and Charles Ventura. [*Please ask defendants to stand*.] Do any of you know, or have you had any dealings, directly or indirectly, with any defendant, or with any relative, friend or associate of any defendant?

3. To your knowledge, do any of your relatives, friends, associates, or employers know any defendant?

4. Defendant Randy Torres is represented by Sam Schmidt, Esq., and Andrew Bernstein, Esq. Defendant Walston Owen is represented by Xavier Donaldson, Esq., and Alain Massena, Esq. Defendant Charles Ventura is represented by John Burke, Esq., and Christopher Wright, Esq. [*Please ask defense counsel to stand*.] Do any of you know Mr. Schmidt, Mr. Bernstein, Mr. Donaldson, Mr. Massena Mr. Burke, Mr. Wright? Have you or your family members or close friends had any dealings either directly or indirectly with those attorneys?

5. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Geoffrey S. Berman. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jessica

4

Fender, Anden Chow, and Jacqueline Kelly. [*Please ask the Assistants to stand*.] Do any of you know Mr. Berman, Ms. Fender, Mr. Chow, or Ms. Kelly? Have you or your family members or close friends had any dealings either directly or indirectly with them? The prosecutors will be assisted by Darci Brady, a paralegal in the U.S. Attorney's Office. [*Please ask Ms. Brady to stand*.] Do any of you know Ms. Brady? Have you or your family members or close friends had any dealings either directly or indirectly with Ms. Brady?

6. Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office? Or Homeland Security Investigations, sometimes called "HSI"? Or the New York City Police Department, or "NYPD"?

7. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case [*Government will provide list of names to the Court*]. Do any of you know any of these people? Have you had any dealings either directly or indirectly with any of these individuals? To your knowledge, have your relatives, friends, associates, employers or employees had any dealings with any of these individuals?

    **C.**     **Relevant Locations**

    The defendants have no objection to this section.

    **D.**     **Relationship with Government**

    The defendants have no objection to this section.

    **E.**     **Prior Jury Service**

    The defendants have no objection to this section.

    **F.**     **Experience as a Witness, Defendant, or Crime Victim**

    The defendants have no objection to this section.

### G. Ability to Render a Fair and Impartial Verdict

[*The Court is respectfully requested to instruct the prospective jurors not to answer questions 24 through 26 out loud, but rather to raise their hands if they would answer in the affirmative and discuss the issue at side bar.*]

21. During the trial, you will hear evidence concerning the distribution of illegal drugs. Would the fact that the charges involve illegal drugs—specifically crack cocaine, heroin, and marijuana—affect your ability to be fair and impartial?

22. Do any of you believe that it should not be a crime for a person to possess or sell narcotics, including marijuana, or that the laws governing these crimes should not be enforced?

23. Do any of you have any opinion about the enforcement of the federal drug laws, including marijuana, that might prevent you from being fair and impartial in this case?

24. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs, including marijuana? If so, when and what did you do?

25. Has any juror been involved—as defendant, victim, or any other way—in a case involving illegal drugs?

26. Has any juror's relative, close friend, or associate ever been involved—as a defendant, victim, or in any other way—in a case involving illegal drugs?

27. Has any juror had any personal experience with drugs, including marijuana, that would make it difficult for him or her to be impartial?

28. Has any juror, juror's relative, close friend, or associate ever been treated for a drug addiction?

29. Do any of you believe that the federal government should not limit a person's right to bear arms?

30. Have you ever owned a firearm? If so, for what reason? Has anyone in your family, or anyone you live with, ever owned a firearm? If so, for what reason?

31. Have any of you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms or gun control? If so, when and what did you do?

32. Have any of you ever supported or belonged to any organizations involved in such work?

33. Have any of you or any member of your family been involved as a defendant or in any other way with a case involving a street gang or other organized crime, often referred to as the mafia or La Cosa Nostra?

34. Would the fact that one of the charges in this case involves racketeering activity, specifically, an enterprise involved in narcotics distribution and acts involving murder, affect your ability to be fair and impartial in this case?

35. I expect that you will hear evidence that defendants were members of a street gang. Under our law it is not a crime solely to be a member of a gang. Just hearing that the defendants are members of a gang will that affect your ability to be fair and impartial in this case?

36. The defendants are presumed innocent of these charges, and the government has the burden of proving these charges beyond a reasonable doubt. You may only consider a particular defendant's membership or association with a street gang only to the extent you find it to be relevant to the specific charges against that defendant. Is there anyone who would find it difficult, or be unable or unwilling, to follow these instructions?

7

37. Is there anyone who would assume that if a particular defendant associated with or was even friends with a person who was a member of a criminal enterprise or street gang, he must be guilty of the charges in this case?

38. Does anyone hear live in an area where street gangs are present?

39. Have any of you viewed or read anything in the news about gangs? Would any of the things that you have read or heard about gangs affect your ability to be fair and impartial in this case.

40. For anyone who has viewed or read about gangs in the news, what news outlet organization you were reading or viewing?

41. Has any juror been involved—as defendant, victim, or in any other way—in a case involving a firearm or ammunition?

42. Has any juror's relative, close friend, or associate ever been involved—as a defendant, victim, or in any other way—in a case involving a firearm or ammunition?

43. Does any juror feel that any defendant is probably guilty of something by the mere fact that he has been charged and brought before the Court for trial? Does any juror feel that he or she could not view fairly and impartially a case involving these types of charges?

44. This case involves allegations of murder and attempted murder. If the allegations are proven beyond a reasonable doubt, the jury will not decide the sentence. I will decide the sentence. Nonetheless, I will tell you that the death penalty will not be applied in this case. Does the fact that the charges involve allegations of murder and attempted murder affect your ability to render a fair verdict? If so, will you be able to set aside anything you might have heard or saw about the attempted murders and consider only the evidence presented to you during this trial?

45. Does the fact that the evidence in the case will involve allegations of robbery, shootings, assaults and other violence affect your ability to render a fair verdict?

H.  **Media Coverage**

46. Have any of you read or seen anything—in the newspaper, on the Internet, or on TV—about this case? If so, what news or media outlet was it that mentioned this case.

47. I do not necessarily expect that this trial will draw media attention. Nonetheless, if it does, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook and Twitter—until after this case is over? If not, please raise your hand.

I.  **Law Enforcement Witnesses**

48. The Government witnesses in this case will consist in part of law enforcement officers, including employees of the New York City Police Department and the U.S. Marshals Service. Would any of you be more likely to believe a witness merely because he or she is an officer of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is an officer of a law enforcement agency?

49. Does anyone have any personal feelings or experiences concerning the New York City Police Department that would in any way affect his or her ability to be fair and impartial in this case?

50. Is there any one here who cannot assure the Court that they will not give any more or less weight to the testimony of a law enforcement officer or agent than they would any other witness?

J.  **Investigative Techniques**

51. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

9

52. Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular investigating technique in presenting evidence of a crime?

53. Some of the evidence admitted at trial may come from searches performed by law enforcement officers, including searches conducted during or in the course of arrests of individuals. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

54. You may hear testimony in this case from cooperating witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to crimes and are testifying on behalf of the Government in the hope of receiving a lower sentence. I instruct you that the use of such a cooperating witness is perfectly legal and may often be a law enforcement tool. Do any of you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner? Would you give any additional weight to testimony that came from a cooperating witness?

55. The defendant is charged with acting with others in committing some of the alleged crimes. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other people are not on trial at this time. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

*(Margin comment: Deleted: necessary)*

<u>56. At this trial there are three defendants. The government must prove each defendant separately guilty beyond a reasonable doubt. Proof of guilt of one of the defendants is not in and of itself proof that another defendant is in fact guilty. It may be that you find that the government has not proven beyond a reasonable doubt that any of the defendants are guilty or that only some are guilty or that all of the defendants are guilty. Does anyone here think they would not be able to examine the evidence separately as to each and every defendant?</u>

**K.**   **Other Questions**

   The defendants have no objection to this section.

**L.**   **Function of the Court and Jury**

   The defendants have no objection to this section.

**M.**   **Other Biases**

   The defendants have no objection to this section.

**N.**   **Juror's Background**

   The defendants have no objection to this section.

**O.**   **Requested Instruction Following Impaneling of the Jury**

   The defendants have no objection to this section.

Dated:   New York, New York
         January 3, 2020

Respectfully submitted,

ATTORENYS FOR THE DEFENDANTS
United States Attorney
Southern District of New York

　　　　　　/S/
Andrew M. J. Bernstein, Esq.
BERNSTEIN CLARKE & MOSKOVITZ, PLLC
Tel: (212) 321-0087

Sam A. Schmidt, Esq.
LAW OFFICE OF SAM A. SCHMIDT
Tel: (212) 346-4666
ATTORNEYS FOR RANDY TORRES

　　　　　　/S/
Xavier R. Donaldson, Esq.
DONALDSON & CHILLIEST, LLP
Tel: (212) 722-4900

Alain V. Massena, Esq.
Law Office of Sam A. Schmidt
Tel: (212) 766-1700
ATTORNEYS FOR WALSTON OWEN

　　　　　　/S/
John Burke, Esq.
Christopher Wright, Esq.
Tel: (212) 346-4666
ATTORNEYS FOR CHARLIE VENTURA