USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/20

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :     **ORDER**
                                  :
    -v.-                          :     S8 16 Cr. 809 (VM)
                                  :
EMIL MATUTE,                      :
  a/k/a "Silly,"                  :
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - x

WHEREAS, with the consent of defendant EMIL MATUTE, a/k/a "Silly," the defendant's guilty plea allocution was taken before the United States Magistrate Judge on December 23, 2019;

WHEREAS, a transcript of the allocution was made and thereafter was transmitted to this Court;

WHEREAS, up review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily, and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

SO ORDERED.

Dated:   New York, New York
         ~~December__, 2019~~
         6 January 2020

                                      _____
                                      HONORABLE VICTOR MARRERO
                                      UNITED STATES DISTRICT JUDGE

JCNAMATPps

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                            (S7) 16-cr-809 (VM)(SDA)

EMIL MATUTE,

              Defendant.               Plea

------------------------------x

                                       New York, N.Y.
                                       December 23, 2019
                                       11:30 a.m.

Before:

              HON. STEWART D. AARON

                         Magistrate Judge


                  APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  ANDEN CHOW, ESQ.
     Assistant United States Attorney

THOMAS AMBROSIO, ESQ.
     Attorney for Defendant
```

1       (Case called)

2       THE CLERK: Counsel, please state your appearance for
3  the record.

4       MR. CHOW: Anden Chow for the government. Good
5  morning, your Honor.

6       THE COURT: Good morning.

7       MR. AMBROSIO: Good morning, your Honor. Thomas
8  Ambrosio, on behalf of Emil Matute, who is standing to my
9  right.

10      THE COURT: Good morning.

11      Mr. Matute, I am Magistrate Judge Aaron. I have
12  before me a document entitled "Consent to Proceed Before a
13  United States Magistrate Judge on a Felony Plea Allocution"
14  that you have signed. The form says that you know you have the
15  right to have your plea taken by a United States district judge
16  but you're agreeing to have your plea taken before me, a United
17  States magistrate judge. As a magistrate judge, I have the
18  authority to take your plea with your consent, and you'll still
19  be entitled to all the same rights and protections as if you
20  were before a district judge. Among other things, if you are
21  found guilty, you will be sentenced by a district judge.

22      Did you sign this consent form voluntarily?

23      THE DEFENDANT: Yes, your Honor.

24      THE COURT: And before you signed the form, did your
25  lawyer explain it to you?

| | |
|---|---|
| 1 | THE DEFENDANT: Yes, your Honor. |
| 2 | THE COURT: And do you wish to proceed with your plea |
| 3 | before me, a United States magistrate judge? |
| 4 | THE DEFENDANT: Yes, your Honor. |
| 5 | THE COURT: All right. So I'm accepting your consent |
| 6 | and I'm signing the document at the bottom to reflect that. |
| 7 | And now I'm going to ask my courtroom deputy to swear |
| 8 | in Mr. Matute. |
| 9 | (Defendant sworn) |
| 10 | THE COURT: All right. Mr. Matute, the purpose of |
| 11 | this proceeding is to make sure you understand your rights, to |
| 12 | decide whether you are pleading guilty of your own free will, |
| 13 | and to make sure you are pleading guilty because you are guilty |
| 14 | and not for some other reason. Do you understand that? |
| 15 | THE DEFENDANT: Yes, your Honor. |
| 16 | THE COURT: All right. I'm now going to be asking you |
| 17 | certain questions. It is very important that you answer these |
| 18 | questions honestly and completely. If you don't understand any |
| 19 | of the questions or if you want at any time to consult with |
| 20 | your lawyer, please say so, because it is important that you |
| 21 | understand every question before you answer. OK? |
| 22 | THE DEFENDANT: Yes, sir. |
| 23 | THE COURT: All right. So what is your full name? |
| 24 | THE DEFENDANT: Emil Jonathan Matute. |
| 25 | THE COURT: How old are you? |

|     |                                                                          |
| --- | ------------------------------------------------------------------------ |
| 1   | THE DEFENDANT: I'm 25 years old, your Honor.                             |
| 2   | THE COURT: Can you read and write in English?                            |
| 3   | THE DEFENDANT: Yes, your Honor.                                          |
| 4   | THE COURT: And what was the highest grade that you                       |
| 5   | completed in school?                                                     |
| 6   | THE DEFENDANT: College, your Honor.                                      |
| 7   | THE COURT: Are you currently or have you recently                        |
| 8   | been under the care of a doctor or mental health professional            |
| 9   | for any reason?                                                          |
| 10  | THE DEFENDANT: No, your Honor.                                           |
| 11  | THE COURT: Are you under the influence of any drug or                    |
| 12  | alcohol today?                                                           |
| 13  | THE DEFENDANT: No, your Honor.                                           |
| 14  | THE COURT: How are you fooling physically today?                         |
| 15  | THE DEFENDANT: Great, your Honor.                                        |
| 16  | THE COURT: Have you had sufficient time to discuss                       |
| 17  | the charges against you and your plea with your attorney,                |
| 18  | Mr. Ambrosio?                                                            |
| 19  | THE DEFENDANT: Yes, your Honor.                                          |
| 20  | THE COURT: And have you been satisfied with the                          |
| 21  | advice and counsel that he has provided to you?                          |
| 22  | THE DEFENDANT: Yes, your Honor.                                          |
| 23  | THE COURT: And are you ready to enter a plea today?                      |
| 24  | THE DEFENDANT: Yes, your Honor.                                          |
| 25  | THE COURT: Does either counsel have any objections to                    |

1   the defendant's competence to plead at this time?
2          MR. CHOW:  No, your Honor.
3          MR. AMBROSIO:  I do not, your Honor.
4          THE COURT:  Thank you.
5          In order to determine whether your plea is voluntary
6   and made with a full understanding of the charges against you
7   and the consequences of your plea, Mr. Matute, I'm going to be
8   making certain statements to you.  I'm going to be asking you
9   certain questions.  I want you to understand that I need not
10  accept your plea unless I am satisfied that you are in fact
11  guilty and that you fully understand your rights.
12         All right.  Now, the plea agreement states that you
13  will plead guilty to Count One of the superseding indictment.
14  Count One charges you with participating in a conspiracy to
15  commit racketeering, in violation of Title 18 United States
16  Code § 1962(d), and carries a maximum term of imprisonment of
17  life, a maximum term of supervised release of three years, a
18  maximum fine, pursuant to Title 18 United States Code § 3571,
19  of the greatest of $250,000, twice the gross pecuniary gain
20  derived from the offense, or twice the gross pecuniary loss to
21  persons other than yourself resulting from the offense, and a
22  $100 mandatory special assessment.
23         In addition to the foregoing, the court must order
24  restitution in accordance with Sections 3663, 3663(a), and 3664
25  of Title 18 United States Code.

1          Do you understand that that is the crime to which you
2   are pleading and the maximum and minimum penalties applicable
3   to that crime?
4          THE DEFENDANT:  Yes, your Honor.
5          THE COURT:  Now, "supervised release" means that you
6   will be supervised for a period of years after your release
7   from prison.  There will be conditions which you must obey.  If
8   you don't, you could be sent to prison without a jury trial.
9   Do you understand that?
10         THE DEFENDANT:  Yes, your Honor.
11         THE COURT:  I am also required by law to tell you, as
12  I previously mentioned, that there is this special assessment,
13  or fine, of $100 that is required to be imposed.
14         Now, do you understand that, as part of your plea
15  agreement, you're admitting to the forfeiture allegation with
16  respect to Count One of the superseding indictment?
17         THE DEFENDANT:  Yes, your Honor.
18         THE COURT:  And do you understand that you have agreed
19  to forfeit to the United States, pursuant to Title 18 United
20  States Code § 1963, a sum of money equal to any and all
21  property constituting or derived from any proceeds that you
22  obtained, directly or indirectly, as a result of the violations
23  and any and all property used or intended to be used in any
24  matter to commit and to facilitate the commission of the
25  offense alleged in Count One?

| | |
|---|---|
| 1 | THE DEFENDANT: Yes, your Honor. |
| 2 | THE COURT: Do you also understand that any forfeiture |
| 3 | of your assets shall not be treated as satisfaction of any |
| 4 | fine, restitution, cost of imprisonment, or any other penalty |
| 5 | that the court may impose upon you in addition to forfeiture? |
| 6 | THE DEFENDANT: Yes, your Honor. |
| 7 | THE COURT: And you also have agreed to pay |
| 8 | restitution in an amount to be determined by the court. Do you |
| 9 | understand that? |
| 10 | THE DEFENDANT: Yes, your Honor. |
| 11 | THE COURT: Mr. Matute, what country are you a citizen |
| 12 | of? |
| 13 | THE DEFENDANT: United States of America, your Honor. |
| 14 | THE COURT: All right. You should know that if you |
| 15 | are not a citizen of the United States, then your guilty plea |
| 16 | and conviction make it very likely that you would be deported |
| 17 | from the United States and that deportation is presumptively |
| 18 | mandatory and at a minimum you're at a risk of being deported |
| 19 | or suffering other adverse immigration consequences. Do you |
| 20 | understand that? |
| 21 | THE DEFENDANT: Yes, your Honor. |
| 22 | THE COURT: Have you discussed the possible |
| 23 | immigration consequences of your guilty plea and conviction |
| 24 | with your lawyer? |
| 25 | THE DEFENDANT: Yes, your Honor. |

1           THE COURT:  And am I correct that you want to plead
2  guilty regardless of any immigration consequences that may
3  result from your guilty plea and conviction, even if those
4  consequences include deportation from the United States?
5           THE DEFENDANT:  Yes, your Honor.
6           THE COURT:  If that does happen, you would still be
7  bound by your guilty plea.  That is, you would not be able to
8  withdraw it regardless of any advice you receive from your
9  lawyer or others regarding the immigration consequences of your
10 plea.  Do you understand that?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  Mr. Matute, do you understand the charges
13 against you and the consequences of pleading guilty?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Do you understand that, in exchange for
16 your guilty plea, the United States Attorney has agreed not to
17 criminally prosecute you further for conspiracy to commit
18 racketeering between in or about 2013 and in or about 2017, as
19 charged in Count One of the indictment, including your
20 participation in a conspiracy to distribute and possess with
21 intent to distribute cocaine base between in or about 2013 and
22 in or 2017, it being understood that this agreement does not
23 bar the use of such conduct as a predicate act or as the basis
24 for a sentencing enhancement in a subsequent prosecution?  Do
25 you understand that?

1       THE DEFENDANT:  Yes, your Honor.

2       THE COURT:  Do you agree that, with respect to any and
3  all dismissed charges, you were not a prevailing party within
4  the meaning of the Hyde Amendment and you will not file any
5  claim under that law?

6       THE DEFENDANT:  Yes, your Honor.

7       THE COURT:  Mr. Matute, do you understand you have the
8  right to plead not guilty and the right to a trial on the
9  charges against you and in fact a right to a trial by jury?

10      THE DEFENDANT:  Yes, your Honor.

11      THE COURT:  All right.  I am now going to ask the
12  assistant United States attorney to state the elements of the
13  crime charged.  The elements are the things the government
14  would have to prove beyond a reasonable doubt if this case were
15  to go to trial.

16      MR. CHOW:  Yes, your Honor.  In order to prove the
17  defendant guilty of Count One of the racketeering charge, the
18  government would have to prove each of the following elements
19  beyond a reasonable doubt: first, that there was an agreement
20  among two or more persons to participate in an enterprise that
21  would affect interstate commerce through a pattern of
22  racketeering activity; second, that the defendant knowingly and
23  willfully became a member of that agreement; and, third, that
24  the defendant or another member of the conspiracy agreed to
25  commit two racketeering acts.  Here, the racketeering acts were

1  the distribution and possession with intent to distribute
2  narcotics.
3  In order to establish venue, the government would have
4  to prove by a preponderance of the evidence that venue is
5  proper in the Southern District of New York.
6  THE COURT: All right. Mr. Matute, do you understand
7  that if you pled not guilty and went to trial, the burden would
8  be on the government to prove each and every element of the
9  crime charged beyond a reasonable doubt in order to convict
10  you?
11  THE DEFENDANT: Yes, your Honor.
12  THE COURT: And do you understand that at trial you
13  would have the right to be represented by an attorney at all
14  stages of the proceeding and if necessary an attorney would be
15  appointed for you?
16  THE DEFENDANT: Yes, your Honor.
17  THE COURT: Do you understand that, at trial, you
18  would have the right to confront and cross-examine witnesses
19  against you and the right not to be compelled to incriminate
20  yourself?
21  THE DEFENDANT: Yes, your Honor.
22  THE COURT: Do you understand that at trial you would
23  be presumed innocent until such time, if ever, the government
24  established your guilt by competent evidence to the
25  satisfaction of the trier of fact beyond a reasonable doubt?

1       THE DEFENDANT:  Yes, your Honor.

2       THE COURT:  Do you understand that at trial you would
3   have the right to testify and you would also be entitled to
4   compulsory process?  In other words, you would have the right
5   to call other witnesses on your behalf?

6       THE DEFENDANT:  Yes, your Honor.

7       THE COURT:  Do you understand that if your plea is
8   accepted, then there will be no further trial of any kind, so
9   that by pleading guilty, you are waiving your right to trial?

10      THE DEFENDANT:  Yes, your Honor.

11      THE COURT:  Do you understand that any statement you
12  make here today under oath may be used against you in a
13  prosecution for perjury or for making false statements?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Failing to tell the truth today in this
16  proceeding is a crime.  Do you understand that?

17      THE DEFENDANT:  Yes, your Honor.

18      THE COURT:  All right.  Now, I have before me a plea
19  agreement that you signed.  Am I correct you signed this
20  document?

21      THE DEFENDANT:  Yes, your Honor.

22      THE COURT:  And did you read the document before you
23  signed it?

24      THE DEFENDANT:  Yes, your Honor.

25      THE COURT:  And did you discuss it with your attorney

before you signed it?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. So putting the plea agreement to one side, separate and apart from what's contained in the plea agreement, have any threats or promises been made to you to make you plead guilty?

THE DEFENDANT: No, your Honor.

THE COURT: Is anyone forcing you to plead guilty?

THE DEFENDANT: No, your Honor.

THE COURT: Putting the plea agreement to one side, have any understandings or promises been made to you concerning the sentence that you will receive?

THE DEFENDANT: No, your Honor.

THE COURT: Is your plea voluntary, in other words, made of your own free will?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Now I'm going to review some portions of the plea agreement with you. The plea agreement says that you and the government have reached agreement regarding the appropriate calculation of your sentence under a part of our law known as the sentencing guidelines and that the stipulated guidelines range is from 78 to 97 months' imprisonment. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: And the agreement also states that you and

1    the government have agreed that the applicable fine range is

2    $25,000 to $250,000. Do you understand that?

3             THE DEFENDANT: Yes, your Honor.

4             THE COURT: Do you understand that neither the

5    Probation Office nor the court is bound by the guideline

6    stipulations and that the sentence to be imposed upon you is

7    determined solely by the court?

8             THE DEFENDANT: Yes, your Honor.

9             THE COURT: In imposing the sentence upon you, the

10   court is obligated to calculate the applicable sentencing

11   guideline range in determining a sentence range, including

12   other sentencing factors that are set forth in Title 18 United

13   States Code § 3553(a). Do you understand that?

14            THE DEFENDANT: Yes, your Honor.

15            THE COURT: Do you understand you have agreed not to

16   file a direct appeal or otherwise challenge your conviction or

17   sentence if you are sentenced within or below the stipulated

18   guidelines range?

19            THE DEFENDANT: Yes, your Honor.

20            THE COURT: And do you understand you have agreed to

21   waive your right to appeal any term of supervised release that

22   is less than or equal to the statutory maximum?

23            THE DEFENDANT: Yes, your Honor.

24            THE COURT: And do you understand you have agreed to

25   waive your right to appeal any fine that is less than or equal

1 to $250,000?

2 THE DEFENDANT: Yes, your Honor.

3 THE COURT: In light of the foregoing, how do you
4 plead?

5 THE DEFENDANT: Guilty, your Honor.

6 THE COURT: And are you pleading guilty because you
7 are in fact guilty?

8 THE DEFENDANT: Yes, your Honor.

9 THE COURT: Do you understand that this plea agreement
10 does not bind any prosecuting office other than the United
11 States attorney's office for the Southern District of New York?

12 THE DEFENDANT: Yes, your Honor.

13 THE COURT: Do you understand that, apart from any
14 proffer agreements that you may have entered into with the
15 government, your plea agreement takes the place of any prior
16 understanding you may have had with the government and that
17 your plea agreement cannot be modified except in a writing
18 signed by all parties?

19 THE DEFENDANT: Yes, your Honor.

20 THE COURT: Do you understand that if your conviction
21 following your plea of guilty is vacated for any reason, then
22 the government is not time barred, and if the cause of action
23 is not time barred as of the date you signed the agreement,
24 that the government can reinstate its prosecution against you?

25 THE DEFENDANT: Yes, your Honor.

1     THE COURT:  Mr. Matute, did you commit the offense to
2  which you are pleading?
3     THE DEFENDANT:  Yes, your Honor.
4     THE COURT:  Please tell me in your own words what you
5  did.
6     THE DEFENDANT:  Between 2013 and 2017, I was a member
7  of the Rollin' 30s gang.  The Rollin' 30s was an enterprise
8  that engaged in activities affecting interstate commerce.
9  During that time period I conspired with others to distribute
10 280 to 840 grams of crack cocaine.  The others that I conspired
11 with members of the Rollin' 30s gang.  The Rollin' 30s engaged
12 in these illegal activities in the Southern District of New
13 York.
14    THE COURT:  How many members were there of this gang?
15    THE DEFENDANT:  In my indictment, your Honor?
16    THE COURT:  Yes.  You mentioned a gang.  I just want
17 to get the number of gang members.
18    THE DEFENDANT:  11, your Honor.
19    THE COURT:  Did you, at the time you committed the
20 acts that you just talked about, did you know that what you
21 were doing was wrong and against the law?
22    THE DEFENDANT:  Yes, your Honor.
23    THE COURT:  Does the government have additional
24 questions they would like me to put to Mr. Matute?
25    MR. CHOW:  No.  But maybe just confirm that there were

1   more than two acts of narcotics distribution or possession with
2   intent to distribute.
3           THE COURT: Mr. Matute, were there more than two acts
4   of narcotics distribution?
5           THE DEFENDANT: Yes, your Honor.
6           THE COURT: Is that sufficient?
7           MR. CHOW: Nothing further.
8           THE COURT: All right. So let me ask the government,
9   if Mr. Matute were not pleading guilty, what evidence would the
10  government proffer at trial?
11          MR. CHOW: The government's proof at trial would
12  include eyewitnesses, law enforcement witnesses, and
13  cooperating witnesses, who would testify that the defendant was
14  a member of the Crips set that operated in the Bronx. It was
15  known as the Rollin' 30s Crips. For many years, at least
16  encompassing 2013 to 2017, members of the Crips worked together
17  to engage in a number of criminal activities, which included
18  the sale of narcotics. And that the defendant himself agreed
19  with and engaged in the trafficking of crack cocaine as part of
20  his membership in the Crips.
21          THE COURT: All right. Mr. Matute, in light of all
22  the foregoing, do you still wish to plead guilty?
23          THE DEFENDANT: Yes, your Honor.
24          THE COURT: Mr. Ambrosio, do you know of any reason
25  why Mr. Matute ought not plead guilty?

1        MR. AMBROSIO: I do not.

2        THE COURT: All right. Mr. Matute, the Court is
3    satisfied that you understand the nature of the charges against
4    you and the consequences of your plea. I am also satisfied
5    that your plea is being made voluntarily and knowingly and that
6    there is a factual basis for it. Accordingly, I will recommend
7    to Judge Marrero that your plea of guilty be accepted.

8        I assume the government will order a copy of the
9    transcript and will submit it, together with any additional
10   paperwork, so that Judge Marrero may act on my recommendation?

11       MR. CHOW: Yes, your Honor.

12       THE COURT: And will the government deliver the case
13   summary for purposes of the presentence report to the Probation
14   Department within 14 days?

15       MR. CHOW: Yes, your Honor.

16       THE COURT: Mr. Ambrosio, will you be available to be
17   interviewed by the Probation Department with your client within
18   14 days?

19       MR. AMBROSIO: I will, your Honor.

20       THE COURT: Has a control date been set for the
21   sentencing?

22       MR. CHOW: We have not received one from Judge
23   Marrero's chambers. We would ask a control date about three
24   months out, and will confirm with Judge Marrero.

25       THE COURT: Control date of March 23rd, 2020.

JCNAMATPps

1      Is there anything further from either side?
2      MR. CHOW: Nothing further from the government.
3      MR. AMBROSIO: Nothing from the defendant.
4      THE COURT: All right. This matter is adjourned.
5  Thank you.
6      (Adjourned)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 26, 2019

**BY HAND AND ECF**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States* v. *Emil Matute, a/k/a "Silly,"*
    **S8 16 Cr. 809 (VM)**

Dear Judge Marrero:

  On December 23, 2019, Emil Matute, the defendant, entered a guilty plea before Magistrate Judge Stewart D. Aaron, pursuant to Your Honor's referral. At the close of the proceeding, Judge Aaron set a sentencing control date of March 23, 2019.

  The Government respectfully requests that the Court accept the defendant's guilty plea and set a date for sentencing. Accompanying this letter, for Your Honor's consideration, are the transcript of the defendant's plea allocution and a proposed order accepting the guilty plea.

           Respectfully submitted,

           GEOFFREY S. BERMAN
           United States Attorney for the
           Southern District of New York

           By: /s/
           Jessica Fender / Anden Chow
           Assistant United States Attorneys
           (212) 637-2276 / 2348

cc:  Thomas Ambrosio, Esq., *counsel for defendant Emil Matute* (via ECF)