UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v.-

RANDY TORRES,
     a/k/a "Rico,"
WALSTON OWEN,
     a/k/a "Purpose,"
     a/k/a "Purp,"
CHARLES VENTURA,
     a/k/a "Gutta,"

          Defendants.

S8 16 Cr. 809 (VM)

**JOIN PROPOSED REQUESTS TO CHARGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

RANDY TORRES,
    a/k/a "Rico,"
WALSTON OWEN,
    a/k/a "Purpose,"
    a/k/a "Purp,"
CHARLES VENTURA,
    a/k/a "Gutta,"

              Defendants.

S8 16 Cr. 809 (VM)

## JOINT REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure and the Court's Individual Rules of Practice, the Government and defense counsel respectfully jointly submit the following proposed jury instructions on behalf of both parties. Language and instructions proposed by the Government to which the defendants object are shown in red. Language and instructions proposed by the defendants to which the Government objects are shown in blue.

## Table of Contents

REQUEST NO. 1. GENERAL REQUESTS.................................................................................................1
REQUEST NO. 2. THE INDICTMENT...................................................................................................3
REQUEST NO. 3. SUMMARY OF INDICTMENT....................................................................................4
REQUEST NO. 4. USE OF THE CONJUNCTIVE IN THE INDICTMENT.....................................................6
REQUEST NO. 5. STRUCTURE OF CHARGES - MULTIPLE COUNTS, MULTIPLE DEFENDANTS, AND TIME-FRAME.....7
REQUEST NO. 6. GENERAL DEFINITIONS: KNOWINGLY, WILLFULLY, AND UNLAWFULLY; AIDING AND ABETTING;
CONSPIRACY..................................................................................................................................9
REQUEST NO. 7. DEFINITIONS: "KNOWINGLY," "INTENTIONALLY," AND "UNLAWFULLY".....................10
REQUEST NO. 8. AIDING AND ABETTING.........................................................................................12
REQUEST NO. 9.  FEDERAL LAW OF CONSPIRACY...........................................................................15
REQUEST NO. 10.  STATE LAW OF CONSPIRACY.............................................................................20

**COUNT ONE: RACKETEERING CONSPIRACY** ................................................................**22**
REQUEST NO. 11. INDICTMENT AND GENERAL INSTRUCTIONS.........................................................22
REQUEST NO. 12. ELEMENTS..........................................................................................................23
REQUEST NO. 13. FIRST ELEMENT – EXISTENCE OF THE ENTERPRISE .............................................24
REQUEST NO. 14. SECOND ELEMENT –  EFFECT ON INTERSTATE COMMERCE...................................26
REQUEST NO. 15. THIRD ELEMENT – ASSOCIATION WITH THE ENTERPRISE.....................................27
REQUEST NO. 16. FOURTH ELEMENT – AGREEMENT TO COMMIT A PATTERN OF RACKETEERING.........28
REQUEST NO. 17. FOURTH ELEMENT – PATTERN OF RACKETEERING – RACKETEERING PREDICATES, GENERALLY...............31
REQUEST NO. 18. FOURTH ELEMENT – PATTERN OF RACKETEERING – RACKETEERING PREDICATES, INTENTIONAL MURDER
UNDER NEW YORK LAW.................................................................................................................33
REQUEST NO. 19. FOURTH ELEMENT – PATTERN OF RACKETEERING – RACKETEERING PREDICATES, INTENTIONAL MURDER
UNDER NEW YORK LAW – CAUSATION............................................................................................35
REQUEST NO. 20. FOURTH ELEMENT – PATTERN OF RACKETEERING – RACKETEERING PREDICATES,  INTENTIONAL MURDER
UNDER NEW YORK LAW – INTENT ..................................................................................................37
REQUEST NO. 21. FOURTH ELEMENT – PATTERN OF RACKETEERING – RACKETEERING PREDICATES,    ROBBERY UNDER
NEW YORK LAW ...........................................................................................................................39
REQUEST NO. 22. FOURTH ELEMENT – PATTERN OF RACKETEERING – RACKETEERING PREDICATES, DISTRIBUTION OF
CONTROLLED SUBSTANCES ...........................................................................................................40
REQUEST NO. 23. SPECIAL INTERROGATORIES ...............................................................................44

**COUNTS TWO, FOUR AND FIVE: VIOLENT CRIMES IN AID OF RACKETEERING** ...........**46**
REQUEST NO. 24. GENERAL INSTRUCTIONS....................................................................................46
REQUEST NO. 25. ELEMENTS..........................................................................................................47
REQUEST NO. 26. FIRST ELEMENT – EXISTENCE OF THE ENTERPRISE .............................................48
REQUEST NO. 27. SECOND ELEMENT – VIOLENT CRIME .................................................................49
REQUEST NO. 28. THIRD ELEMENT – PURPOSE TO GAIN ENTRANCE OR MAINTAIN OR INCREASE POSITION ...51

**COUNTS THREE AND SIX: FIREARMS OFFENSE** ..........................................................**52**
REQUEST NO. 29. INDICTMENT AND GENERAL INSTRUCTIONS.........................................................52
REQUEST NO. 30. ELEMENTS..........................................................................................................53
REQUEST NO. 31. FIRST ELEMENT – "USING," "CARRYING," "POSSESSING," AND "KNOWINGLY" ......54
REQUEST NO. 32. SECOND ELEMENT - DURING AND IN RELATION TO A CRIME OF VIOLENCE..............58
REQUEST NO. 33. SPECIAL INTERROGATORIES ON "BRANDISHING" AND "DISCHARGING" .................59

**COUNT SEVEN: FELON IN POSSESSION OF AMMUNITION** .........................................**61**
REQUEST NO. 34. INDICTMENT AND GENERAL INSTRUCTIONS.........................................................61
REQUEST NO. 35. ELEMENTS..........................................................................................................63

**ADDITIONAL CHARGES** .................................................................................................**66**
REQUEST NO. 36. PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED...................................66

REQUEST NO. 37. USE OF RECORDINGS.................................................................................67
REQUEST NO. 38. UNCALLED WITNESSES – EQUALLY AVAILABLE TO BOTH SIDES.........................68
REQUEST NO. 39. EXPERT TESTIMONY.................................................................................69
REQUEST NO. 40. ACCOMPLICE OR COOPERATING WITNESS TESTIMONY..................................70
REQUEST NO. 41. ACCOMPLICE TESTIMONY – GUILTY PLEA....................................................73
REQUEST NO. 42. IMMUNIZED WITNESSES............................................................................74
REQUEST NO. 43. PREPARATION OF WITNESSES....................................................................76
REQUEST NO. 44. USE OF EVIDENCE OBTAINED PURSUANT TO SEARCHES ...............................77
REQUEST NO. 45. REDACTION OF EVIDENTIARY ITEMS..........................................................78
REQUEST NO. 46. USE OF CHARTS AND TABLES....................................................................79
REQUEST NO. 47. PERSONS NOT ON TRIAL...........................................................................80
REQUEST NO............................................................................................................81

<u>Request No. 1. General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.      Function of Court and Jury

b.      Indictment Not Evidence

c.      Statements of Court and Counsel Not Evidence

d.      Burden Of Proof and Presumption of Innocence

e.      Reasonable Doubt

f.      Credibility of Witnesses

g.      Right to See Exhibits and Have Testimony Read During Deliberations

h.      Punishment Is Not to Be Considered By the Jury

i.      Verdict of Guilt or Innocence Must Be Unanimous

j.      Jury's Recollection Governs

k.      Note-Taking by Jurors

l.      Duty to Base Verdict on Evidence

m.      Improper Considerations

n.      Motions, Objections, and Questions by the Court

o.      Duty to Weigh Evidence Without Prejudice

p.      Government Treated Like Any Other Party

q.      Direct and Circumstantial Evidence

r.      Inferences

s.      Definitions, Explanations, and Example of Direct and Circumstantial Evidence

t.      Credibility of Witnesses

u.      Interest in the Outcome

v.      Limiting Instruction: Similar Act Evidence [if applicable]

w.      Venue

x.      Law Enforcement  Witnesses

y.      Defendant's  Testimony  / Failure  to Testify  [as applicable]

z.      Stipulations

aa.     Character Testimony  [if applicable]

bb.     Improper  Considerations

cc.     Sympathy,  Bias, and Prejudice

<u>Request No. 2. The Indictment</u>

The defendants, RANDY TORRES, WALSTON OWEN and CHARLES VENTURA, are formally charged in an Indictment (the "Indictment"). As I instructed you at the outset of this case, the defendants are presumed innocent and the Indictment is merely a charge or accusation. It is not evidence. Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

<u>Request No. 3. Summary of Indictment</u>

The Indictment contains a total of seven counts, or charges. In your deliberations and in reaching your verdict, you must consider each count separately.

Count One charges that from at least in or about 2009, up to and including in or about 2017, TORRES, OWEN and VENTURA conspired, or agreed, with others to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise, specifically, the "Rollin' 30s Crips" gang, through a pattern of racketeering activity, which pattern of racketeering activity included murder, attempted murder, robbery and narcotics distribution.

Count Two charges that on or about May 14, 2015, OWEN committed an assault with a dangerous weapon and an attempted murder in the vicinity of Davidson Avenue in the Bronx, New York, and aided and abetted the same.

Count Three charges that on or about May 14, 2015, OWEN used, carried, or possessed a firearm, which was brandished and discharged, or aided and abetted the use, carrying, or possession of a firearm, which was brandished and discharged, during and in relation to the crime charged in Count Two.

Count Four charges that on or about June 9, 2015, OWEN committed an assault that resulted in serious bodily injury in the vicinity of 1579 Westchester Avenue in the Bronx, New York, and aided and abetted the same.

Count Five charges that on or about September 6, 2017, VENTURA committed an assault with a dangerous weapon and an attempted murder in the vicinity of 1575 East 174th Street in the Bronx, New York, and aided and abetted the same.

Count Six charges that on or about September 6, 2017, VENTURA used, carried, or possessed a firearm, which was brandished and discharged, or aided and abetted the use, carrying, or possession of a firearm, which was brandished and discharged, during and in relation to the crime charged in Count Five.

Count Seven charges that on or about September 6, 2017, VENTURA possessed ammunition that had traveled in interstate commerce after being convicted of a crime punishable by more than a year in prison.

<u>Request No. 4. Use of the Conjunctive in the Indictment</u>

[If Indictment Read to, or Provided to, Jury]

You will note that the word "and" is used between charging words in the Indictment. For example, the Indictment charges that certain defendants committed "assault *and* attempted murder."

You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or". Thus, it is enough, for example, that the evidence shows that the defendant you are considering committed assault *or* attempted murder.

<u>Request No. 5. Structure of Charges - Multiple Counts, Multiple Defendants, and Time-Frame</u>

A few observations are in order following my summary of the Indictment. The Indictment before you contains a total of seven charges, or counts. Each count of the Indictment relates to a different alleged crime. TORRES, OWEN and VENTURA are all charged in Count One. OWEN alone is charged in Counts Two through Four. VENTURA alone is charged in Counts Five through Seven.

Let me make these observations. As it is entitled to do, the Government has brought charges against the defendants under more than one criminal statute. A consequence of the Indictment containing charges brought under multiple statutes is that you will need to be instructed on the legal elements and principles applicable to each statute and theory of liability.

You must weigh the evidence as to each charged defendant separately for each count in which that defendant is charged, and determine whether the Government has carried its burden of proof with respect to that defendant and that charge. Your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. I will provide you with a verdict form, and you will need to report the results of your deliberations on each count on the verdict form. To do so, you will need to keep track during your deliberations of which defendant and which charge you are considering and the legal elements applicable to the charge.

In a few moments, I will instruct you on the elements of each of the charged offenses. I will provide you with all relevant definitions and all relevant legal principles. In other words, I will provide you with all the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the charges in the Indictment.

7

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary. You also will have a copy of my instructions.

I make these observations to ensure that you understand the structure of the charges against the defendants and your obligation to consider the charges separately and under each statute and theory of liability alleged in the Indictment

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits. Further, it is not required that each defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant participated in the charged crime.

> Hon. Leonard B. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6. Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993); Honorable Robert W. Sweet in <u>United States</u> v. <u>Antonio Guerrero et al.</u>, 09 Cr. 339 (S.D.N.Y. 2010).

<u>Request No. 6. General Definitions:</u>
<u>Knowingly, Willfully, and Unlawfully; Aiding and Abetting; Conspiracy</u>

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly through these instructions. Specifically, I will be discussing the concepts of both conspiring to commit crimes and aiding and abetting crimes over and over again, so it makes sense to explain these concepts at the outset. Similarly, we will discuss whether certain actions are taken "knowingly," "willfully," or "unlawfully," so I will also define these terms before we discuss the counts. You can take these explanations and definitions and apply them as I instruct you on each of the counts.

One note: as you will learn, although the defendants are charged with federal crimes in a federal court, Counts One, Two, Four, and Five, which concern racketeering activity, incorporate some state penal laws as well. They are called "racketeering acts," and I will discuss them in more detail later. However, I raise this because there are slight differences between the definitions of conspiracy in state law and federal law. I will provide you with both. Please apply federal conspiracy law when considering violations of federal law, and state conspiracy law when considering violations of state law for certain racketeering acts alleged in Count One.

<u>Request No. 7. Definitions: "Knowingly," "Intentionally," and "Unlawfully"</u>

As I said, three terms that you will hear a number of times are "knowingly," "intentionally," and "unlawfully." It therefore makes sense to define those terms for you now.

<u>"Knowingly" and "Intentionally" Defined</u>

A person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness. An act is done "intentionally" if it is done deliberately and purposefully; that is, the defendant's acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or some other innocent reason. Whether the defendant acted knowingly and/or intentionally may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Now, knowledge and intent are a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence. You must consider this evidence—or lack of evidence—in determining whether the Government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

<u>"Unlawfully" Defined</u>

"Unlawfully" simply means contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. Rather, the defendant need only have been aware of the generally unlawful nature of his or her acts.

<div style="margin-left:2em">

See <u>United States</u> v. <u>Townsend</u>, 987 F.2d 927, 930 (2d Cir. 1993) (defining "intentionally"); 1 Leonard B. Sand, <i>et al.</i>, <u>Modern Federal Jury Instructions (Criminal)</u>, §§ 3A-1 (defining "knowingly"), 3A-4 (defining "intentionally"); <u>United States</u> v. <u>Muse</u>, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *6 (S.D.N.Y. July 3, 2007) (Cote, <i>J.</i>) (jury instructions defining "unlawfully");

</div>

10

<u>United States</u> v. <u>Schlisser</u>,  168 F. App'x 483, 486 (2d Cir. 2006)
(discussing  jury instructions  defining  "unlawfully").

<u>Request No. 8. Aiding and Abetting</u>

Before I move on to the counts of the Indictment, I want to instruct you on the concept of aiding and abetting. In connection with Counts Two, Three, Four, Five, and Six, the defendants are charged with committing certain criminal acts, and also with aiding and abetting the commission of those acts. As to each of those crimes, the defendant can be convicted either if he committed the crime himself or if he aided and abetted the commission of the crime by one or more people. It is not necessary for the Government to show that the defendant himself physically committed a crime in order for you to find him guilty, but it must prove beyond a reasonable doubt that the defendant shared the same requisite unlawful knowledge or intent. If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor if the Government has proven beyond a reasonable doubt the defendant shared the same requisite unlawful knowledge or intent.

Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a person to be convicted of a specified crime if the person, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute and its New York State analogue, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as

to some action or state of mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means to bring something about, to effect something.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.  Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

Additionally, a defendant may aid and abet a crime collectively committed by a two or more people, including the defendant himself.  The division of labor between two or more people committing a crime has no significance: A strategy of "you take that element, I'll take this one" would free neither party from criminal liability.  Thus, even if no one individual has personally committed, or even assisted with, all elements of the offense, if you find that the Government has proven beyond a reasonable doubt that the defendant and one or more other people collectively committed all of the elements of the offense, and the defendant has the requisite intent, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that the crime charged was committed.  Obviously, no one can be convicted of aiding and abetting a crime if no crime was committed.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime and that he willfully and knowingly sought by some act to help make the crime succeed.

13

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

1. Did he participate in the crime charged as something he wished to bring about?

2. Did he associate himself with the criminal venture knowingly and willfully?

3. Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 11-1 and 11-2; the charges of the Honorable Alison J. Nathan in <u>United States</u> v. <u>Allen</u>, 15 Cr. 95 (AJN) (S.D.N.Y. 2017), the Honorable Richard J. Sullivan in <u>United States</u> v. <u>Hussain</u>, 12 Cr. 45 (RJS) (S.D.N.Y. 2013), and the Honorable Sidney H. Stein in <u>United States</u> v. <u>Roger Key</u>, 12 Cr. 712 (S.D.N.Y. 2014); and <u>United States</u> v. <u>Rosemond</u>, 134 S. Ct. 1240 (2014).

<u>Request No. 9.  Federal Law of Conspiracy</u>

Count One charges all four defendants with participating in a conspiracy to violate federal law.  And, as we will discuss, certain racketeering acts that are alleged are also conspiracies to violate federal law.  Before I instruct you on each of those counts specifically, I am going to give you some general instructions on the federal law of conspiracy.  A conspiracy is a kind of criminal partnership—an agreement of two or more persons to join together to accomplish some unlawful purpose.  It is an entirely separate and different offense from the substantive crime which may be the objective of the conspiracy.  Indeed, if the Government proves all of the elements of conspiracy beyond a reasonable doubt, then you may find a defendant guilty of the crime of conspiracy, even if you find that the substantive crime that was the object of the conspiracy was never actually committed.  Of course, if a defendant participates in a conspiracy and the crime or crimes that were the object of the conspiracy were in fact committed, the defendant may be guilty of both the conspiracy and the substantive crime.  The point simply is that the crime or crimes that were the objective of the conspiracy need not have been actually committed for a conspiracy to exist.

To show the existence of a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to an unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show beyond a reasonable doubt that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

In considering whether or not the Government has proven beyond a reasonable doubt that the conspiracies charged in the Indictment existed, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objectives of the conspiracies charged in the Indictment.

<p align="center">Elements of Conspiracy—Federal Law</p>

The federal law of conspiracy applies to the racketeering conspiracy alleged in Count One and the narcotics conspiracy that is alleged as one of racketeering acts underlying Count One. To sustain its burden of proof with respect to these conspiracies, the Government must prove beyond a reasonable doubt the following two elements:

> **First**, the existence of the charged conspiracy you are considering—that is, the existence of an agreement or understanding to commit the unlawful objects of such conspiracy; and

> **Second**, that the defendant knowingly became a member of the conspiracy, with intent to further its illegal purpose—that is, with the intent to achieve the illegal object of the charged conspiracy.

<p align="center">16</p>

<u>First Element—Existence of a Conspiracy</u>

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. I will describe the object of a particular conspiracy when instructing you on that conspiracy.

<u>Second Element—Participation in the Conspiracy</u>

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object one of the illegal purposes charged in the Indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives. I have already defined for you the words "knowing," "intentional," and "unlawful." Those definitions apply here.

For the crime of conspiracy, a defendant's guilt does not depend on the extent or duration of his participation in the conspiracy. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles,

while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the conspiracy.

I want to caution you that some facts do not, by themselves, establish the defendant's participation in a conspiracy. The defendant's mere presence at the scene of a crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of a conspiracy does not make the defendant a member. A person may know, be related to, or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, if acts of the defendant, without knowledge or intent, happen to further the purposes or objectives of the conspiracy, that does not make the defendant a member of the conspiracy. More is required under the law. Again, what is necessary is that the defendant must have joined in the conspiracy with knowledge of at least some of its purposes or objectives and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement— that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture

18

until the termination of the conspiracy, unless it is shown by some affirmative proof that he

withdrew and disassociated himself from it.

> Adapted from the charges of the Honorable William H. Pauley III
> in United States v. Davis, et al., 06 Cr. 911 (WHP) (S.D.N.Y. Apr.
> 30, 2010) and the Honorable Leonard B. Sand in United States v.
> Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). See United States v.
> Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of
> conspiracy is the agreement and not the commission of the
> substantive offense that is its objective, the offense of conspiracy
> may be established even if the collaborators do not reach their
> goal.").

<u>Request No. 10.  State Law of Conspiracy</u>

As I told you earlier, we will also discuss some state penal laws. The law of conspiracy in New York State differs from the federal law of conspiracy.

In particular, in order for the Government to prove beyond a reasonable doubt that a person conspired to commit a crime under New York state law, the Government must show the following:

> **First**, that the individual agreed with one or more other persons to engage in or cause the performance of the crime;
>
> **Second**, that the individual did so with the intent that such crime be performed; and
>
> **Third**, that the individual, or one the people with whom he agreed to engage in or cause the performance of the conduct, committed an overt act in furtherance of the conspiracy.

The term "intent" under New York conspiracy law has its own special meaning. Intent means conscious objective or purpose. Thus, a person acts with the intent that a murder be performed when his conscious objective or purpose is that the murder should occur.

The Government must also prove that one of the conspirators committed an overt act in furtherance of the conspiracy. The agreement to engage in or cause the performance of a crime is not itself an overt act. The overt act must be an independent act that tends to carry out the conspiracy. The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy.

Note that under state law, unlike the federal law I have described to you, an overt act is an element of a conspiracy. Accordingly, when considering an intended racketeering act that is alleged to be a violation of state conspiracy laws, consider whether the defendant agreed that a co-conspirator would commit an overt act in furtherance of that racketeering act. However, when considering either an intended racketeering act that is alleged to be a violation of federal conspiracy laws—or considering the conspiracies charged in Count One—you need not find an overt act.

New York State Penal Law, Chapter 40, Article 105.10; 105.30, see also People v. Ribowsky, 77 N.Y.2d 284 (1991); People v. Berkowitz, 50 N.Y.2d 333 (1980).

Count One: Racketeering Conspiracy
<u>Request No. 11. Indictment and General Instructions</u>

Count One charges all four defendants with conspiring to commit a violation of Section 1962(c) of Title 18 of the United States Code, which is commonly known as the substantive RICO statute. That section provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]

Count One of the Indictment charges TORRES, OWEN and VENTURA with participating in a conspiracy to violate the substantive RICO statute from at least in or about 2009, up to and including in or about 2017. Specifically, the Indictment alleges that the defendants were members and associates of the Rollin' 30s Crips, a criminal organization whose members and associates engaged in, among other things, the racketeering activities of: acts involving murder, acts involving robbery, and distribution of controlled substances.

22

Count One: Racketeering Conspiracy
Request No. 12. Elements

In order to meet its burden of proving that the defendant is guilty of the racketeering conspiracy charged in Count One of the Indictment, the Government must establish beyond a reasonable doubt each of the following elements:

First, that at or about the time charged in Count One of the Indictment, the racketeering enterprise charged in the Indictment existed;

Second, that the enterprise was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce;

Third, that the defendant was or would be employed by or associated with the enterprise;

Fourth, that that the defendant knowingly agreed with at least one other person that either he or a co-conspirator would participate, either directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the Indictment; that is, that either the defendant or a co-conspirator did or would commit at least two acts of racketeering activity.

If the Government fails to prove any one of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

Adapted from the charge of the Honorable William H. Pauley III in United States v. Meregildo, et al., 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012).

23

Count One: Racketeering Conspiracy
<u>Request No. 13. First Element – Existence of the Enterprise</u>

I will now instruct you on the law applicable to each of these elements.

The first element the Government must prove beyond a reasonable doubt is that the enterprise alleged in the Indictment, the Rollin' 30s Crips, existed and engaged in racketeering activity. Under the racketeering statute, an enterprise includes a group of individuals who are associated in fact although not a legal entity. The enterprise does not have to be registered or licensed as an enterprise. It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like.

An enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct. This group may be organized for a legitimate and lawful purpose or it may be organized for an unlawful purpose. In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit. Furthermore, the enterprise must continue to exist in substantially similar form through the period charged. This does not mean that the membership must remain exactly identical, but the enterprise must have a recognizable core that continues through a substantial period during the time frame charged in the Indictment.

The existence of an enterprise may be proven by what it does. Thus, you may rely on proof of the various racketeering acts charged in the Indictment, which are discussed more fully below, to establish the existence of the charged enterprise. While the same evidence may prove both the racketeering acts and the existence of the organization, you should keep in mind that those are distinct concepts.

The Indictment alleges that the following enterprise existed: [The Court is respectfully requested to read paragraphs 1 through 6 of the Indictment.]

24

As I just mentioned, the Indictment defines the charged enterprise as the Rollin' 30s Crips. The Indictment is not evidence, and may not be considered by you as any evidence of the guilt of the defendants.

The Indictment alleges that the purposes of the enterprise are as follows: [The Court is respectfully requested to read paragraph 7 of the Indictment.]

In summary, if the Government proves beyond a reasonable doubt that there was a group of people characterized by a common purpose or purposes, an ongoing formal or informal organization or structure, and core personnel who functioned as a continuing unit during a substantial period within the time frame charged in the Indictment, then an enterprise existed.

> Adapted from the charge of the Honorable Alison J. Nathan in United States v. Allen, 15 Cr. 95 (AJN) (S.D.N.Y. 2017) and the Honorable William H. Pauley III in United States v. Meregildo, et al., 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012)

Count One: Racketeering Conspiracy
Request No. 14. Second Element – Effect on Interstate Commerce

The second element the Government must prove beyond a reasonable doubt with respect to Count One is that the criminal enterprise itself, or the racketeering activities of those associated with it, had some effect on interstate or foreign commerce. This effect on interstate commerce could have occurred in any way and it need only have been minimal.

Interstate commerce includes the movement of goods, services, money, and individuals between states. Congress has determined that all narcotics activity, even purely local narcotics activity, has a substantial effect on interstate commerce. Thus, if you find that, in the course of the racketeering activities, members of the enterprise trafficked in narcotics, you may find this element satisfied. It is not necessary for you to find that the defendant knew the enterprise was engaged in interstate commerce.

> Adapted from the charge of the Honorable William H. Pauley III in United States v. Meregildo, et al., 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012); see Taylor v. United States, 136 S. Ct. 2074, 2077-78 (2016) ("[T]he prosecution in a Hobbs Act robbery case satisfies the Act's commerce element if it shows that the defendant robbed or attempted to rob a drug dealer of drugs or drug proceeds. By targeting a drug dealer in this way, a robber necessarily affects or attempts to affect commerce over which the United States has jurisdiction."); see also id. at 2081 ("[I]t is enough that a defendant knowingly stole or attempted to steal drugs or drug proceeds, for, as a matter of law, the market for illegal drugs is 'commerce over which the United States has jurisdiction.'").

26

Count One: Racketeering Conspiracy
Request No. 15. Third Element – Association with the Enterprise

The third element that the Government must prove beyond a reasonable doubt with respect to Count One is that, at some time during the period charged in the Indictment the defendant was associated with the enterprise. It is not required that the Government prove that the defendant was associated with the enterprise for the entire time that the enterprise existed. The Government must also prove that the defendant's association with the enterprise was knowing, that is, made with knowledge of the existence of the criminal enterprise through a general awareness of its nature and scope.

The Government need not prove that the defendant agreed with every other member of the enterprise, knew all the other members of the enterprise, or had full knowledge of all the details of the enterprise. However, in proving this element, the Government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew the general nature of the enterprise and knew that the enterprise existed beyond his individual role. If you find that the Government has proven this element beyond a reasonable doubt, then the third element is satisfied.

Adapted from the charge of the Honorable William H. Pauley III in
United States v. Meregildo, et al., 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012).

Count One: Racketeering Conspiracy
Request No. 16. Fourth Element – Agreement to Commit a Pattern of Racketeering

The fourth element the Government must prove beyond a reasonable doubt is that the defendant knowingly conspired or agreed to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Government must prove that the defendant participated in some manner in the overall affairs of the enterprise and objectives of the conspiracy, and that he did so with the intent that he or another member or members of the conspiracy would commit two or more related acts of racketeering of the types specified in the Indictment as part of a pattern of racketeering activity.

## Participation in the Conspiracy

I have already explained the federal law on participation in a conspiracy and you should apply that law here.

## Pattern of Racketeering Activity

A pattern of racketeering activity requires at least two related acts of racketeering within ten years of each other and that are related to each other by a common scheme or plan, such as furthering the ends or goals of the enterprise, the Rollin' 30s Crips, through a pattern of racketeering activity.

A pattern of racketeering activity consists of two or more criminal acts that are committed within ten years of each other and that are related to each other by a common scheme or plan, such as furthering the ends or goals of the alleged enterprise. We call those two or more criminal acts "racketeering acts." Since this is a conspiracy case, the conspirators need only have agreed to commit two racketeering acts; they do not need to have succeeded in actually committing those acts. Now, the government does not need to prove that the defendant himself agreed that he personally would commit the racketeering acts.

28

The government does not need to prove that the defendant agreed that any particular racketeering acts would be committed. Any member of the enterprise may have agreed that a racketeering act would be committed. As long as the government proves that some members of the alleged enterprise agreed to commit two or more of the racketeering acts alleged in the Indictment during the charged period, that the defendant was associated with the enterprise during that period, and that the defendant knew about and agreed to facilitate or participate in the conduct of the affairs of the alleged enterprise, then the government will have satisfied its burden of proving the fourth and final element of RICO conspiracy.

In a few minutes, I will describe the specific racketeering acts that the defendant is charged with knowing and intending would be committed.

Let me make clear that an enterprise is not the same thing as the pattern of racketeering activity. To convict, the Government must prove beyond a reasonable doubt both that there was an enterprise and that the enterprise's affairs were conducted through a pattern of racketeering activity. As I have mentioned, the enterprise in this case is alleged to be a group of individuals who associated together for a common purpose of engaging in a course of conduct. A pattern of racketeering activity, on the other hand, is a series of criminal acts.

The existence of the alleged enterprise is proved by evidence of an ongoing organization, formal or informal, with a common purpose and by evidence that various core personnel of the group functioned as a continuing unit.

The pattern of racketeering activity, on the other hand, is proved by evidence of a minimum of two related acts of racketeering that the participants in the alleged enterprise committed or aided and abetted. These separate acts only form a pattern of racketeering activity if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are

interrelated by distinguishing characteristics and are not isolated events. In other words, to constitute a pattern of racketeering activity, these separate acts must be related to each other and they must be related to the enterprise. The proof used to establish those separate elements may be the same or overlapping. For example, if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the separate racketeering acts were part of a "pattern" of continuing criminal activity. Nevertheless, you should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of racketeering activity, and vice versa. The existence of an enterprise is a separate element that must be proven by the Government beyond a reasonable doubt.

Finally, although you need not decide whether the defendant agreed to the commission of any particular racketeering act in order to convict the defendant of the RICO conspiracy offense, you must be unanimous as to which type or types of predicate racketeering activity the defendant agreed would be committed; for example at least two acts of murder or attempted murder, two acts of robbery, two acts of drug dealing, or any combination thereof.

I will now instruct you on the substantive law of those offenses.

> Adapted from the charge of the Honorable Colleen McMahon in
> United States v. Mendoza, 11 Cr. 974 (CM) (S.D.N.Y. Oct. 31,
> 2013), the Honorable Alison J. Nathan in United States v. Allen,
> 15 Cr. 95 (AJN) (S.D.N.Y. 2017), and the Honorable William H.
> Pauley III in United States v. Meregildo, et al., 11 Cr. 576 (WHP)
> (S.D.N.Y. Nov. 28, 2012); see also H.J. Inc. v. Nw. Bell Tel. Co.,
> 492 U.S. 299, 242-43 (1989); United States v. Alkins, 925 F.2d
> 541, 551-53 (2d Cir. 1991); United States v. Coiro, 922 F.2d 1008,
> 1017 (2d Cir. 1991); United States v. Kaplan, 886 F.2d 536, 543
> (2d Cir. 1989); United States v. Indelicato, 865 F.2d 1370, 1383-84
> (2d Cir. 1989) (en banc).

Count One: Racketeering Conspiracy
<u>Request No. 17. Fourth Element – Pattern of Racketeering – Racketeering Predicates, Generally</u>

For the purposes of Count One, the Indictment alleges that the following categories of criminal violations were committed or were intended to be committed as part of the racketeering conspiracy:

(a)   Acts involving murder, conspiracy to commit murder, and attempted murder, in violation of New York State law;

(b)   Acts involving robbery, conspiracy to commit robbery, and attempted robbery, in violation of New York State law; and

(c)   Acts involving the distribution of controlled substances, including cocaine base (commonly referred to as "crack" or "crack cocaine"), heroin, or marijuana, and conspiracy to commit, and aiding and abetting of, the same, in violation of federal law.

In a moment, I will instruct you on the substantive law of each of these offenses. Again, the Government must prove beyond a reasonable doubt that, within a ten-year period, excluding any period of incarceration, two related acts and offenses in violation of these statutes were committed, or were intended to be committed, by the defendant himself or by a co-conspirator as part of the charged racketeering conspiracy. The Government need not prove that the defendant himself committed or agreed to commit any of these acts or offenses, so long as the Government proves that the defendant participated in some manner in the overall objective of the conspiracy.

You also will note that, for each of the charged categories of predicate offenses, the Indictment charges a violation of more than one specific law. I instruct you that, in order to find that a given predicate offense was in fact an object of the charged racketeering conspiracy, you need not find that the object of the conspiracy involved violations of both the federal and state statutes, or of multiple state statutes; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes.

31

Adapted from the charge of the Honorable Paul A. Engelmayer in
<u>United States</u> v. <u>Carlos Urena, et al.</u>, S5 11 Cr. 1032 (PAE).

Count One: Racketeering Conspiracy
Request No. 18. Fourth Element – Pattern of Racketeering – Racketeering Predicates,
Murder, Conspiracy to Commit Murder, and Attempted Murder Under New York Law

As I just explained, the Indictment alleges that one of the categories of criminal violations that were committed or were intended to be committed as part of the racketeering conspiracy were acts involving murder, conspiracy to commit murder, and attempted murder in violation of New York State law. I will describe those crimes now.

In order for you to find that a person committed murder under New York State law, the Government must prove beyond a reasonable doubt that:

**First**, that the individual caused the death of the victim, or aided and abetted the same; and

**Second**, that the individual did so with the intent to cause the death of the victim or another person.

I will describe these two elements in greater detail in a moment.

I have already described conspiracy under New York State law to you. You should apply those instructions here.

I will now instruct you on attempt under New York State law. Under New York law, "a person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." You may only find that a person attempted to commit a crime if you find that he, or those he was aiding and abetting, were on the verge of actually committing it. Mere preparation is not sufficient. The acts committed by the person, or those he is aiding and abetting, must be those acts that are required to carry the project forward within "dangerous proximity" of the criminal end to be attained.

In determining whether the defendant agreed as part of the racketeering conspiracy that he or a co-conspirator would commit or attempt to commit acts involving murder in violation of New York State law, you may apply the instructions on aiding and abetting I gave you earlier. Thus,

you may find that the racketeering conspiracy involved acts involving murder either because you find that the defendant agreed that either he or a co-conspirator would commit or attempt to commit an act constituting murder under New York law, or because you find that he agreed that he or a co-conspirator would assist a third party in doing so.

Adapted from CJI2d [NY] Penal Law §§ 125.25, 110.10, 105.15. See New York State Penal Law, Chapter 40, Article 125, Section 25; see also People v. Dennis, 75 N.Y.2d 821 (1989); People v. Hedgeman, 70 N.Y.2d 533, 543 (1987).; United States v. Desena, 287 F.3d 170, 178 (2d Cir. 2002) (noting that New York court have interpreted the state attempt statute to "require that the Government prove the defendant engaged in conduct that came dangerously near the commission of the completed crime").

Count One: Racketeering Conspiracy
Request No. 19. Fourth Element – Pattern of Racketeering – Racketeering Predicates,
Murder, Conspiracy to Commit Murder, and Attempted Murder Under New York Law –
Causation

The first element that the Government must prove beyond a reasonable doubt in order for you to find that a person committed or attempted to commit murder under New York State law is that the individual caused or attempted to cause the death of the victim, or aided and abetted another who caused or attempted to cause the death of the victim.

To prove that the individual caused or attempted to cause a victim's death, or aided and abetted another who did so, the Government must prove that the victim's death was or would have been a sufficiently direct cause of the individual's conduct, or that the death was a reasonably foreseeable result of the conduct.

An individual's conduct is an actual contributory cause of the death of another when that conduct forged a link in the chain of causes which actually brought about the death—in other words, when the conduct set in motion or continued in motion the events which ultimately resulted in the death.

An obscure or merely probable connection between the conduct and the death will not suffice.  At the same time, if the individual's conduct is an actual contributory cause of the death of another, then it does not matter that such conduct was not the sole cause of the death, or that a pre-existing medical condition also contributed to the death, or that the death did not immediately follow the injury.  Death is a reasonably foreseeable result of an individual's conduct when the death should have been foreseen as being reasonably related to the actor's conduct.  It is not required that the death was the inevitable result or even the most likely result.

35

Adapted from CJI2d [NY] § 125.25.  See New York State Penal Law, Chapter 40, Article  125, Section  25; <u>see also</u> <u>People</u> v. <u>Roth</u>, 80 N.Y. 2d 39 (1992).

Count One: Racketeering Conspiracy
Request No. 20. Fourth Element – Pattern of Racketeering – Racketeering Predicates,
Murder, Conspiracy to Commit Murder, and Attempted Murder Under New York Law – Intent

The second element that the Government must prove beyond a reasonable doubt in order for you to find that a person committed or attempted to commit murder under New York state law is that the person intended to cause the death of another person.

Intent does not require premeditation. In other words, intent does not require advance planning. Nor is it necessary that the intent be in the individual's mind for any particular period of time. The intent can be formed, and need only exist, at the very moment the individual engages in prohibited conduct or acts to cause the prohibited result, and not at any earlier time.

The question naturally arises as to how to determine whether or not a person had the intent required for the commission of a crime. To make that determination, you must decide if the required intent can be inferred beyond a reasonable doubt from the proven facts. In doing so, you may consider the individual's conduct and all of the circumstances surrounding that conduct, including, but not limited to, the following: (1) what, if anything, the individual did or said; (2) what result, if any, followed the individual's conduct; and (3) was that result the natural, necessary and probable consequence of that conduct.

Therefore, from the facts you find to have been proven, you must decide whether or not you can infer beyond a reasonable doubt that the individual had the intent to cause the death of another person.

One final note on intent under New York state law. There is no requirement that the person who is murdered or injured during an attempted murder be the same person who was intended to be murdered. Thus, the intent element is satisfied when a person intends to kill one person, but, instead, kills or injures another person.

37

Adapted from CJI2d [NY] Culpable Mental States: Intent.   See
New York State Penal Law, Chapter 40, Article 125, Section 25;
see also People v. Getch, 50 N.Y.2d 456 (1980).

Count One: Racketeering Conspiracy
Request No. 21. Fourth Element – Pattern of Racketeering – Racketeering Predicates,
Robbery, Conspiracy to Commit Robbery, and Attempted Robbery Under New York Law

The Indictment also alleges that a category of criminal violations that were committed or were intended to be committed as part of the racketeering conspiracy were: Acts involving robbery, attempted robbery, and conspiracy to commit robbery, in violation of New York State law.

Under New York State law, a person is guilty of robbery when he forcibly steals property. I have already described attempt and conspiracy under New York State law to you.

Adapted from CJI2d [NY] Robbery Third Degree and Robbery Second Degree.  *See* New York State Penal Law §§ 160.05, 160.10.

Count One: Racketeering Conspiracy
Request No. 22. Fourth Element – Pattern of Racketeering – Racketeering Predicates,
Distribution of Controlled Substances

The Indictment also alleges that a category of criminal violations that were committed or were intended to be committed as part of the racketeering conspiracy were: Acts involving the distribution of controlled substances, including crack, heroin, or marijuana, in violation of federal law.

Under Title 21, United States Code, Section 841, it is unlawful for any person knowingly or intentionally "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance." Cocaine base, commonly known as "crack," heroin, and marijuana are all "controlled substances" under the federal statute. The Government need not prove the purity of the controlled substances—any mixture or substance containing a detectable amount of a controlled substance is sufficient.

The elements of distributing or possessing with the intent to distribute a controlled substance are:

> **First**, that the defendant or a co-conspirator distributed a controlled substance, or possessed a controlled substance with the intent to distribute it.
>
> **Second**, that he did so intentionally and knowingly; and
>
> **Third**, that the substance involved was in fact a controlled substance.

In determining whether the defendant agreed as part of the racketeering conspiracy that he or a co-conspirator would commit acts involving the distribution of a controlled substance, you may apply the aiding and abetting instruction I gave you earlier. Thus, you may find that the racketeering conspiracy involved the distribution of controlled substances because you find that the defendant agreed that either he or a co-conspirator would personally distribute drugs or possess

40

them with intent to distribute, or because you find that he agreed that he or a co-conspirator would assist a third party in doing so.

"Distribution"

The word "distribution" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another. Distribution does not require a sale, but includes sales.

"Possession With Intent To Distribute"

What does "possession with intent to distribute" mean? I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

"Possession"

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession—that is, having physical custody or control of an object, as I possess this pen. If you find that the defendant or his co-conspirator had the controlled substance on his person, then you may find that he or she had possession of it. However, a person need not have actual, physical possession—that is, physical custody of an object—in order to be in legal possession of it. If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that object. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and another person who has actual physical custody. The person having control "possesses" the narcotics, because he or she

41

has an effective working relationship with the person who has actual physical custody of the narcotics, and because he or she can direct the movement or transfer or disposition of the narcotics. In addition, an individual may have possession of an item that is not found on his person because that individual has a relationship to the location where the item is maintained. In this manner, for example, a businessperson may possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint. That is what is meant by "possession."

Finally, possession and ownership are not the same. A person can possess an object and not be the owner of the object.

<u>"Intent to Distribute"</u>

Possession "with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons. To "distribute" means the actual, constructive, or attempted transfer of a controlled substance. "Distribution" includes delivering, passing, or handing over something to another person, or causing something to be delivered, passed on, or handed over. Distribution does not require a sale.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his behavior. Basically, the question with regard to the intent aspect of the underlying offense is whether any drugs in a defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

42

Often it is possible to make the determination as to whether drugs were possessed "with intent to distribute" from the quantity of drugs that a defendant may have possessed, although the possession of a large quantity of narcotics does not necessarily mean that a defendant intended to distribute them. On the other hand, a defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute. It might also be evidence of a plan or a scheme to distribute. You should make your decision whether the Government has proved beyond a reasonable doubt that the defendant you are considering committed the offense charged in Count One of the Indictment from all of the evidence presented in this case.

"Controlled Substance"

Finally, I instruct you that, as a matter of law, crack, heroin, and marijuana are each a "controlled substance."

> Adapted from the charges of the Honorable Colleen McMahon in
> United States v. Boykin, 10 Cr. 391 (CM) (S.D.N.Y. 2013), the
> Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914
> (S.D.N.Y. 1992), the Honorable John M. Walker in United States
> v. Torres, aff'd 901 F.2d 205 (2d Cir. 1990), and from Sand,
> Modern Federal Jury Instructions, §§ 56-5, 56-7, 56-12, and 56-13.

43

Count One: Racketeering Conspiracy
Request No. 23. Special Interrogatories

If, and only if, you find either defendant TORRES or defendant OWEN guilty of Count One, you must then answer an additional question about the scope of that defendant's agreement to violate the racketeering laws.

The Government has alleged that the pattern of racketeering activity to which defendants TORRES and OWEN agreed would be committed included acts involving murder. If you are unable to conclude, unanimously, that the Government has proven beyond a reasonable doubt that acts of murder were within the scope of the defendant's agreement, check "Not Proven" in response to that question on the verdict form.

If, however, you conclude, unanimously, that the pattern of racketeering activity that the defendant agreed would be committed included acts involving murder, check "Proven" in response to that question on the verdict form.[1]

The Government has alleged that the pattern of racketeering activity to which defendants TORRES and OWEN agreed would be committed included SEPARATE acts involving murder. If you are unable to conclude, unanimously, that the Government has proven beyond a reasonable doubt that THE SEPARATE (The Government should indicate which act relates to which defendant) acts of murder were within the scope of the defendant's agreement, check "Not Proven" in response to that question on the verdict form.

If, however, you conclude, unanimously, that the pattern of racketeering activity that the defendant agreed (The Government should indicate which murder relates to which defendant)

---

[1] As explained out the outset, language proposed by the Government to which the defense objects is in red, and language proposed by the defense to which the Government objects is in blue.

would be committed included acts involving murder, check "Proven" in response to that question on the verdict form.

Your finding on this additional question must be unanimous.

> Adapted from the charge of the Honorable Jed S. Rakoff in <u>United States v. Donque Tyrell</u>, 15 Cr 95 (JSR); see 18 U.S.C. § 1963(a) (setting forth a maximum sentence of life imprisonment "if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment," which activities include murder, in violation of New York State law").

Counts Two, Four and Five: Violent Crimes in Aid of Racketeering
<u>Request No. 24. General Instructions</u>

Counts Two and Four charge OWEN with committing violent crimes in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code. Specifically, Count Two charges OWEN with committing attempted murder or assault with a dangerous weapon on or about May 14, 2015, or aiding and abetting the same; Count Four charges OWEN with committing assault resulting in serious bodily injury on or about Jun 9, 2015, or aiding and abetting the same; and Count Five charges VENTURA with committing attempted murder or assault with a dangerous weapon in aid of racketeering on or about September 6, 2017, or aiding and abetting the same.

Section 1959 of Title 18 of the United States Code provides as follows:

> Whoever for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, assaults with a deadly weapon or dangerous instrument, commits assault resulting in a serious physical injury upon or threatens to commit a crime of violence against any individual, in violation of the laws of any state of the United States, or attempts or conspires to do so, [is guilty of a crime.]

Counts Two, Four and Five: Violent Crimes in Aid of Racketeering
Request No. 25. Elements

In order to find OWEN guilty on Counts Two and Four, and in order to find VENTURA guilty on Count Five, the Government must prove beyond a reasonable doubt each of the following elements:

First, that the enterprise charged in Count One existed, that it engaged in racketeering activity, and that it engaged in or its activities affected interstate or foreign commerce, as I have already explained those concepts to you.

Second, that the defendant committed the crime alleged (i.e., assault or attempted murder in aid of racketeering); and

Third, that his general purpose in doing so was to gain entrance to the alleged enterprise, or maintain or increase his position in the alleged enterprise.

Counts Two, Four and Five: Violent Crimes in Aid of Racketeering
Request No. 26. First Element – Existence of the Enterprise

I have already defined for you, in connection with Count One, the concepts of the "enterprise," "affecting interstate commerce," and "racketeering activity." If you find that the Rollin' 30s Crips, the enterprise alleged in Count One, did not exist, or did not affect interstate commerce, or did not engage in the offenses described in that Count, then you need not consider Counts Two, Four or Five any further, since the defendant cannot then be guilty of that count. If you find beyond a reasonable doubt that the enterprise did exist, affected interstate commerce, and engaged in racketeering activity as described in Count One, then you must go on to consider the other elements of these charges.

Adapted from charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Joseph Brideson, et al.</u>, 00 Cr. 1118 (MBM); Sand, <u>Modern Criminal Jury Instructions</u>, Instruction 52-37 (2010).

Counts Two, Four and Five: Violent Crimes in Aid of Racketeering
Request No. 27. Second Element – Violent Crime

Count Two charges OWEN with committing assault with a dangerous weapon, and attempted murder, in aid of the Rollin' 30s Crips, and aiding and abetting the same.

Count Four charges OWEN with committing assault that resulted in serious bodily injury in aid of the Rollin' 30s Crips, and aiding and abetting the same.

Count Five charges VENTURA with committing assault with a dangerous weapon, and attempted murder, in aid of the Rollin' 30s Crips, and aiding and abetting the same.

I have already explained for you the content and elements of the laws that define attempted murder in the State of New York, and the concept of aiding and abetting liability. I instruct you to follow those definitions here to determine if the Government has satisfied its burden as to the second element of Counts Two and Five.

Now I will instruct you on assault with a deadly weapon and assault resulting in serious bodily injury.

Under New York State law, a person is guilty of assault with a deadly weapon if the Government proves beyond a reasonable doubt:

> **First**, that the person caused physical injury to another person by means of a deadly weapon or dangerous instrument; and
>
> **Second**, that he did so with the intent to cause physical injury to another person.

"Physical injury" means impairment of physical condition or substantial pain. A "deadly weapon" is any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged. For a firearm to be considered a "deadly weapon" it must be loaded and operable—although there is no requirement that the defendant knew it was loaded or operable at the time he possessed it.

49

As I instructed you earlier, under New York state law, there is no requirement that the person who is injured be the same person who was intended to be injured. Thus, with respect to Counts Two, Four and Five, the intent element is satisfied when the defendant intends to cause physical injury to one person, but, instead, injures another person.

Under New York State law, a person is guilty of assault resulting in serious physical injury if the Government proves beyond a reasonable doubt:

> **First**, that the person caused serious physical injury to another person; and

> **Second**, that he did so with the intent to cause serious physical injury to another person.

"Serious physical injury" means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

Adapted from the charge of the Honorable William H. Pauley III in <u>United States v. Meregildo, et al.</u>, 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012).

Counts Two, Four and Five: Violent Crimes in Aid of Racketeering
<u>Request No. 28. Third Element – Purpose to Gain Entrance or Maintain or Increase Position</u>

The last element the government must prove with respect to Counts Two, Four and Five is that the defendant acted for the purpose of gaining entrance to, maintaining a position in, or increasing a position in that enterprise. To establish that a defendant committed the assault with a deadly weapon, or the attempted murder, or the assault resulting in serious bodily injury, for the purpose of gaining entrance to or maintaining or increasing his position in the enterprise, the government must prove that the defendant's general purpose in committing the crime in question was to gain entrance to, increase his position in or maintain his position in the enterprise.

Your focus in this element is on the general purpose of the defendant. The Government does not need to prove that maintaining or increasing his position in the enterprise was a defendant's sole or principal motive so long as it was a substantial motivating factor in that defendant's decision to participate in the attempted murders or the assault. For example, this element is satisfied if the defendant committed the crime because it would allow him to gain entrance to the enterprise, because he knew it was expected of him by reason of his association with the enterprise, because it would maintain or enhance his position or prestige within the enterprise, or, with respect to a high-ranking member of the enterprise, if that person committed or sanctioned the charged violent act to protect the enterprise's operations or to advance the objectives of the enterprise. These examples, however, are by way of illustration and are not exhaustive.

Adapted from charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Joseph Brideson, et al.</u>, 00 Cr. 1118 (MBM); the Honorable Kenneth M. Karas in <u>United States</u> v. <u>Jeffrey Herring</u>, 16 Cr. 302 (KMK); Sand, <u>Modern Criminal Jury Instructions</u>, Instr. 52-41;

Counts Three and Six: Firearms Offense
Request No. 29. Indictment and General Instructions

Count Three charges OWEN with violating Section 924(c) of Title 18 of the United States Code. That provision makes it a crime for any person, "during and in relation to any [federal] crime of violence [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm." Count Six charges VENTURA with a violation of the same statute.

Counts Three and Six, by its terms, are connected to the violent crimes in aid of racketeering charged in Counts Two and Five, respectively. What that means is, because Count Three is connected to Count Two, you cannot consider Count Three unless you find OWEN guilty of Count Two. Likewise, because Count Six is connected to Count Five, you cannot consider Count Six unless you find VENTURA guilty of Count Five. On the other hand, if you find OWEN guilty of Count Two, then you must determine whether the Government has proved, beyond a reasonable doubt, that he is guilty of Count Three. And if you find VENTURA guilty of Count Five, only then do you determine whether the Government has proved, beyond a reasonable doubt, that he is guilty of Count Six.

Counts Three and Six: Firearms Offense
Request No. 30. Elements

For the Government to sustain its burden as to Counts Three and Six, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about the dates alleged in the Indictment, the defendant knowingly used or carried or possessed a firearm, or any combination of those acts, or aided and abetted the use, carrying or possession of a firearm by another;

Second, that the defendant used or carried the firearm during and in relation to, or possessed a firearm in furtherance of the crimes of violence charged in Counts Two and Five.

If you find that the Government has satisfied its burden as to each of those elements, then you must also determine whether the Government has proved that the defendant you are considering brandished or aided and abetted the brandishing of the weapon, and whether the Government has proved that the weapon was discharged. If you are unable to unanimously agree on any one of these elements, then you need not determine whether the weapon was brandished or discharged.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-87 and from the charge of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004).

53

Counts Three and Six: Firearms Offense
<u>Request No. 31. First Element - "Using," "Carrying," "Possessing," and "Knowingly"</u>

The first element the Government must prove beyond a reasonable doubt is that on or about the dates set forth in the Indictment the defendant knowingly used, carried, or possessed a firearm, or aided and abetted the use, carrying or possession of a firearm.

<u>Firearm</u>

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." In considering the specific element of whether the defendant used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a firearm. I instruct you that a gun is a firearm.

<u>"Use"</u>

In order to prove that someone used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm during and in relation to the commission of the relevant crime—here, the violent crimes in aid of racketeering charged in Counts Two and Five. This does not mean that the user must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

54

<u>"Carry"</u>

In order to prove that someone carried a firearm, the Government must prove beyond a reasonable doubt that the person had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The person need not have held the firearm physically, that is, have had actual possession of it on his person. If you find that the person had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug trafficking crime, you may find that the Government has proven that the individual carried the weapon.

<u>"Possess"</u>

I previously have instructed you on the meaning of "possession," and you should follow those instructions here. To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

Possession of a firearm in furtherance of a crime requires that the defendant possess a firearm and that the possession advance or move forward the crime. The mere presence of a firearm is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

<u>Aiding and Abetting</u>

The defendant is also charged with aiding and abetting the crime charged in Counts Three and Six. I previously instructed you on aiding and abetting law, and you should apply those instructions in determining whether the defendant you are considering is guilty of Counts Three

and Six as an aider and abettor.  I also want to give you an additional instruction that applies specifically to Counts Three and Six.

To convict the defendant you are considering of aiding and abetting the crime charged in Counts Three and Six, you must find that the defendant <u>either</u> facilitated the use, carrying, or possession of the firearm <u>or</u> the commission of the charged violent crime.  It is not necessary that the defendant facilitate both the possession, use, or carrying of the firearm and the crime of violence.

To convict a defendant of this offense on an aiding and abetting theory, you must find that the defendant had advance knowledge that a participant in the crime of violence would use, carry, or possess a firearm in furtherance of the crime of violence.  Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from it.  Knowledge of the gun may, but does not have to, exist before the underlying crime is begun.  It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it.  You may, but need not, infer that the defendant has sufficient foreknowledge if you find that the defendant continued his participation in the crime after learning about the use, carrying, or possession of a gun by a co-conspirator.

In other words, as to aiding and abetting the offense charged in Counts Three and Six, the Government must prove beyond a reasonable doubt that the defendant either facilitated the use, carrying, or possession of the firearm or the commission the charged crime of violence, and had knowledge of the firearm when he still had a realistic opportunity to withdraw from the crime of violence or drug trafficking crime.

<u>"Knowingly"</u>

I have previously defined the term "knowingly" for you, and you should apply that definition here.

> Adapted from the charge of the Honorable Cathy Seibel in United
> States v. Gayle, 16 Cr. 361(CS) (S.D.N.Y. 2017) and the
> Honorable William H. Pauley in United States v. Dominguez, 16
> Cr. 108 (WHP) (S.D.N.Y. 2016); see also Rosemond v. United
> States, 134 S. Ct. 1240, 1243 (2014) (For the purpose of
> establishing aiding and abetting under Section 924(c), the
> affirmative act requirement is satisfied if "the defendant actively
> participated in the underlying drug trafficking or violent crime.");
> id. at 1250 n.9 ("[I]f a defendant continues to participate in a crime
> after a gun was displayed or used by a confederate, the jury can
> permissibly infer from his failure to object or withdraw that he had
> [sufficient advance] knowledge.").

Counts Three and Six: Firearms Offense
<u>Request No. 32. Second Element - During and In Relation To a Crime of Violence</u>

The second element that the Government must prove beyond a reasonable doubt is that the defendant used or carried a firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of a crime of violence. Possession in furtherance, as I indicated, requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied. Mere possession of a firearm is not sufficient.

I instruct you that the violent crimes in aid of racketeering charged in Counts Two and Five of the Indictment qualify as crimes of violence under the law.

> Adapted from charge of The Honorable Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141, the charge of The Honorable Denise Cote in <u>United States</u> v. <u>Joel Lopez</u>, 03 Cr. 1102 (DLC), and the Honorable Robert W. Sweet in <u>United States</u> v. <u>Akayed Ullah</u>, 18 Cr. 16 (RJS).

58

Counts Three and Six: Firearms Offense
Request No. 33. Special Interrogatories on "Brandishing" and "Discharging"

If you find the defendant you are considering guilty of Counts Three or Six, then you must make two special findings: first, whether the Government has proven beyond a reasonable doubt that the defendant "brandished the firearm, or aided and abetted another who brandished the firearm; and second, whether the Government has proven beyond a reasonable doubt that the firearm was discharged. There is a place on the verdict form in which to record your determinations.

To "brandish" a firearm means to display all or part of the firearm, or to otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that other person.

With respect to the issue of "brandishing," a defendant is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that another participant in the crime of violence or drug trafficking crime would display the firearm or make the presence of the firearm known for purposes of intimidation. This does not mean that the defendant or another must have actually fired or attempted to fire the weapon, although each of those actions would obviously involve "brandishing" the weapon.

"Discharge" means to fire or shoot. The defendant need not be the person who personally discharged the firearm and, indeed, the discharge may even be accidental.

Your special findings must be beyond a reasonable doubt and must be unanimous.

> Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Walker, 16 Cr. 567 (JSR) (S.D.N.Y. 2018), the Honorable William H. Pauley III in United States v. Meregildo et al., 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012) and adapted from Sand, Modern Federal Jury Instructions, Instr. 35-80 (1999), and the Honorable Richard J. Sullivan in United States v. Washington, 11 Cr. 605

(S.D.N.Y. 2012). <u>See</u> <u>also</u> <u>Dean</u> v. <u>United States</u>, 556 U.S. 568 (2009) (holding that Section 924(c)(1)(A)(iii) does not require proof that the discharge of a firearm was intentional, and explaining that the statute is satisfied "if a gun is discharged in the course of a violent or drug trafficking crime, whether on purpose or by accident").

Count Seven: Felon in Possession of Ammunition
Request No. 34. Indictment and General Instructions

Count Seven charges VENTURA with knowingly possessing .45 caliber ammunition that had previously been shipped or transported in interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. This charge is a violation of Title 18 of the United States Code, Section 922(g)(1), which says that it is a crime for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, . . . to . . . possess in or affecting commerce, any . . . . ammunition  . . . ."

Purpose of the Statute

Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and restriction of the distribution of firearms would be helpful to state and local authorities in meeting this problem. Accordingly, it passed a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence. In your role as jurors, you are not to be concerned with the wisdom or the policy of those laws. If in fact a violation has occurred, the law should be enforced.

In general, these laws include provisions that prohibit certain categories of people from possessing or receiving firearms that were shipped in interstate commerce, and requires any person in the business of dealing in firearms to be licensed.

The government contends that the defendant was within the class of people prohibited from possessing firearms shipped in interstate commerce because he had been convicted of a crime punishable by more than a year in jail.

61

In your role as jurors, you are not to be concerned with the wisdom or the policy of these laws.  Your verdict must be based on the evidence in this case.  Your verdict may not be based on your personal approval or disapproval of the firearm laws passed by Congress.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,  Instr. 35-46, the charges in <u>United States</u> v. <u>Davis</u>, 07 Cr. 468 (S.D.N.Y. Jan. 12, 2009), and <u>United States</u> v. <u>Squires</u>, 69 Cr. 911 (S.D.N.Y. 1969).

Count Seven: Felon in Possession of Ammunition
Request No. 35. Elements

For the Government to sustain its burden as to Count Seven, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant previously was convicted of a crime punishable by imprisonment for a term exceeding one year, *i.e.*, a felony, in a court of the United States or any State prior to the date he is charged with possessing the ammunition or firearm; and that he knew that he had been convicted of such a crime. The Government need not prove that the defendant was actually sentenced to imprisonment for more than one year, or that the defendant knew he was not allowed to possess the ammunition or firearm.

I instruct you that the fact of the prior conviction that is an element of the offense is only to be considered by you for the fact that it exists, and for the defendant's knowledge of its existence, and nothing else. You are not to consider it for any other purpose or draw any inferences from it. The defendant is not on trial for any prior offense.

[*If applicable:* In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant was previously convicted of a felony punishable by imprisonment for a term exceeding one year. It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the ammunition as charged in the Indictment. Finally, it has been stipulated that the defendant had knowledge that he had been convicted of a crime punishable by a term of imprisonment for a term exceeding one year at the time that the defendant is alleged to have possessed the firearm as charged in the Indictment. As such, you should treat this element as having been proven beyond a reasonable doubt.]

63

[*If applicable*:  In this regard, the Government has offered evidence that in 2009, the defendant was convicted, in Bronx Supreme Court, of illegally possessing a weapon.  I instruct you as a matter of law that at all relevant times, that crime has qualified as a crime punishable by imprisonment for a term exceeding one year in a court of New York State.]

Second, you must find that the defendant knowingly possessed the ammunition charged in the Indictment.

The term "ammunition," meanwhile, means "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm."

You should apply to your consideration of Count Seven the instructions I have already given you about the meaning of "knowingly" and "possession," including actual and "constructive possession."

Third, you must find that the possession of the ammunition was in or affecting interstate or foreign commerce.  This means that the Government must prove that at some time before the defendant possessed the ammunition, the ammunition had traveled in interstate or foreign commerce.  In this regard, it is sufficient for the Government to satisfy this element by proving that, at some point before the charged possession of the ammunition, the ammunition moved over a state line or the United States border.

The Government does not have to prove that the defendant himself carried the ammunition across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.  It is also not necessary for the Government to prove that the defendant knew that the ammunition had previously crossed a state or national border.

[*If applicable*: In this regard, you have heard evidence in the form of a stipulation between the parties that the firearm and all of the ammunition charged in the Indictment was manufactured

64

outside the state of New York and therefore moved in or affected interstate or foreign commerce. As such, you must treat the third element of Count Seven as having been proved beyond a reasonable doubt.]

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 35-47, 35-48, 35-49, 35-50; the charge in <u>United States</u> v. <u>Williams</u>, 09 Cr. 101 (S.D.N.Y. Oct. 19, 2011); the charge in <u>United States</u> *v.* <u>Wadman</u>, 08 Cr. 1295 (RJS); the charge in <u>United States</u> v. <u>Davis</u>, 07 Cr. 468 (S.D.N.Y. Jan. 12, 2009); the charge in <u>United States</u> v. <u>Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992); and the charge in <u>United States</u> v. <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993); revised in light of Supreme Court decision in <u>Rehaif</u> v. <u>United States</u>, 588 U.S. ____ (2019) (addressing the issue of whether the defendant must know that he was previously convicted of a crime punishable by more than one year imprisonment); <u>see also</u> 18 U.S.C. § 921(a)(17); <u>United States</u> *v.* <u>Sanders</u>, 35 F.3d 61, 62 (2d Cir. 1994).

Additional Charges
Request No. 36. Particular Investigative Techniques Not Required
[If applicable]

You have heard reference, in the arguments and cross-examination of defense counsel in this case to the fact that certain investigative techniques were not used by the Government. While the Government is required to prove its case beyond a reasonable doubt, there is no requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. Your concern is to determine whether, on the evidence or lack of evidence, that the Government has proven a defendant's guilt beyond a reasonable doubt.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

66

Additional Charges
Request No. 37. Use of Recordings

Video recordings of various incidents and audio recordings of various telephone conversations, as well as transcripts of those audio recordings, have been admitted into evidence. Whether you approve or disapprove of the recording of those incidents and conversations may not enter your deliberations. I instruct you that these recordings were properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

If you wish to see or hear any of the recordings again, or see any of the transcripts, they will be made available to you during your deliberations.

> Adapted from the charge of the Honorable Cathy Seibel in *United States v. Young*, 09 Cr. 274 (CS) (S.D.N.Y. 2011), and of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and of the Honorable John G. Koeltl in *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

Additional Charges
<u>Request No. 38. Uncalled Witnesses – Equally Available To Both Sides</u>
[If applicable]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

(The defense continues to work with the Government as to stipulation language related to obtaining social media accounts, therefore the defense seeks leave to later object to the language of this charge.)

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 6-7.

Additional Charges
Request No. 39. Expert Testimony
[If Applicable]

You have heard testimony from what we call expert witnesses. Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony.

> Adapted from the charges of Judge Gerard E. Lynch in United
> States v. Frank Summa, 02 Cr. 101 (GEL), and from Judge John F.
> Keenan in United States v. David Rosario, 96 Cr. 126 (JFK); and
> from Judge Michael B. Mukasey in United States v. Mensah, 91
> Cr. 705 (MBM) (S.D.N.Y. 1991).

Additional Charges
Request No. 40. Accomplice or Cooperating Witness Testimony

You have heard several witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment. There has been a great deal said about these so-called accomplice or cooperating witnesses in the summations of counsel and about whether you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

You may properly consider the testimony of such accomplices.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

70

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you.

71

Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Michael Jones</u>, 02 Cr. 674 (GEL). <u>See also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-5.

Additional Charges
<u>Request No. 41. Accomplice  Testimony  – Guilty  Plea</u>

You have heard testimony  from Government  witnesses  who have pleaded guilty  to

charges arising  out of some of the same alleged  facts that are at issue  in this case.  You are

instructed  that you are to draw no conclusions  or inferences  of any kind  about the guilt  of each

defendant  on trial  from the fact that one or more prosecution  witnesses  pleaded guilty  to similar

charges.  The decision  of those witnesses  to plead guilty  was a personal decision  those witnesses

made about their  own guilt.  It may not be used by you in any way as evidence  against  or

unfavorable  to the defendants  on trial  here.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>,  Instr. 7-
> 110.  <u>See</u> <u>United</u> <u>States</u> v. <u>Ramirez</u>,  973 F.2d 102, 104-06 (2d Cir.
> 1992) (specifically  approving  charge and holding  that it is
> reversible  error not to give  charge if requested,  unless  there is no
> significant  prejudice  to defendant).

73

Additional Charges
Request No. 42. Immunized Witnesses
[If applicable]

You have heard the testimony of [a] certain witness[es] who testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

If after a careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

In addition, it does not follow that simply because a person may have participated in criminal conduct, that he is incapable of giving truthful testimony. Your concern is whether a witness has given truthful testimony in this courtroom before you. As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-8;
> see United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979)
> ("Where the court points out that testimony of certain types of
> witnesses may be suspect and should therefore be scrutinized and
> weighed with care, such as that of accomplices or coconspirators . .
> . it must also direct the jury's attention to the fact that it may well
> find these witnesses to be truthful, in whole or in part.") (citations

74

omitted),  and United  States v. Cheung  Kin Ping, 555 F.2d 1069,
1073 (2d Cir. 1977) (same)

Additional Charges
Request No. 43. Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

Additional Charges
Request No. 44. Use Of Evidence Obtained Pursuant To Searches
[If Applicable]

You heard testimony in this case about the evidence seized in connection with a search conducted by law enforcement officers. Evidence obtained from this search was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charge of Hon. William H. Pauley III in *United States v. Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012) and from Sand, *Modern Federal Jury Instructions*, Instr. 5-25.

Additional Charges
<u>Request No. 45. Redaction of Evidentiary Items</u>
[If applicable]

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Additional Charges
<u>Request No. 46. Use of Charts and Tables</u>
[If applicable]

Now, some of the exhibits were charts. These charts were introduced basically as summaries. They are not direct evidence really. They are summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves any evidence. They are intended to be of assistance to you in your deliberations.

In presenting the evidence, which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them. But one way or the other, realize that the charts are not in and of themselves direct evidence. They are merely visual aids. They are nothing more.

From the charge of Judge Gerard E. Lynch in <u>United States</u> v.
<u>Frank Summa</u>, 02 Cr. 101 (GEL).

79

Additional Charges
Request No. 47. Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Judge Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

Additional Charges
Request No. 48. Conclusion

We have now reached the end of my substantive instructions on the law. Before you begin to deliberate, I want to remind you that you must be guided solely by the evidence or lack of evidence in the case. You are to determine the guilt or lack of guilt of the defendants based solely upon the evidence and subject to the law as I have instructed you on that law, whether you agree or disagree with that law.

Your job is to decide whether the evidence established the guilt of each of the defendants on each of the crimes charged in the Indictment beyond a reasonable doubt.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

81

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

> Adapted from charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Paa Smith</u>, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002); and the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.

Defendant TORRES specifically requests leave to submit a proposed jury instruction if the Court allows the Government to introduce evidence of alleged flight. The defense will be objecting to such evidence.

Dated: New York, New York
      January 6, 2020

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney
          Southern District of New York

By:        /s/
          Jessica Fender
          Anden Chow
          Jacqueline Kelly
          Assistant United States Attorneys
          (212) 637-2276 / 2348 / 2456

          Defendant Randy Torres

By:    /s/
          Andrew M. J. Bernstein, Esq.
          Partner,
          BERNSTEIN CLARKE & MOSKOVITZ, PLLC
          (212) 321-0087

          Sam A. Schmidt, Esq.
          LAW OFFICE OF SAM A. SCHMIDT
          (212) 346-4666

Defendant Charlie Ventura


By:    /s/
     John Burke, Esq.
     (718) 875-3707


     Defendant Walston Owen


By:    /s/
     Xavier R. Donaldson, Esq.
     DONALDSON & CHILLIEST, LLP
     (212) 722-4900

     Alain V. Massena, Esq.
     MASSENA LAW, P.C.
     (212) 276-1700